

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-1994

# Graham v. Lanfong, et al.

Precedential or Non-Precedential:

Docket 93-7676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Graham v. Lanfong, et al." (1994). *1994 Decisions.* Paper 34.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/34

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 93-7676

————————

ORLANZO GRAHAM,

<u>Appellee</u>

v.

VICKY LANFONG, Warden; BUREAU OF CORRECTIONS;
GOVERNMENT OF THE VIRGIN ISLANDS,

Vicky Lanfong, Warden;
Bureau of Corrections;
Government of the Virgin Isands;
James Aiken,

<u>Appellants</u>

————————

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS and ST. JOHN
(D.C. Civ. No. 93-00096)

————————

Argued April 18, 1994

Before: STAPLETON, ALITO, and WEIS, <u>Circuit</u> <u>Judges</u>

Filed June 2, 1994

————————

Pamela Lynn Wood, Esquire (ARGUED)
Assistant Attorney General
Rosalie Simmonds Ballentine, Esquire
Attorney General
Paul L. Gimenez, Esquire
Solicitor General
Darlene C. Grant, Esquire
Assistant Attorney General
Department of Justice
48B-50C Kronprindsens Gade,
GERS Complex, 2nd Floor
Charlotte Amalie, St. Thomas
United States Virgin Islands  00802

<u>Attorneys for Appellant, Government of the Virgin Islands</u>

Stephen A. Brusch, Esquire (ARGUED)
Assistant Federal Public Defender
Thurston T. McKelvin, Esquire
Federal Public Defender
P.O. Box 1327
Charlotte Amalie, St. Thomas
United States Virgin Islands  00804-1327

<u>Attorneys for Appellee, Orlanzo Graham</u>

_____

OPINION OF THE COURT
_____


WEIS, <u>Circuit</u> <u>Judge</u>.

In this appeal, we hold that a prisoner serving a Virgin Islands sentence in a federal prison is entitled to the good-time credits provided by federal law rather than those applicable under a territorial statute.  Because the Virgin Islands Bureau of Corrections failed to reduce the petitioner's sentence by the amount of federal credits earned, he was entitled to habeas corpus relief.  We will affirm the order of the district court ordering his immediate release.

On April 8, 1987, the District Court of the Virgin Islands sentenced petitioner Graham to a five-year term of imprisonment for violating a federal statute.  The federal sentence was to be served concurrently with an eight-year sentence for a territorial offense that was imposed a month later by another judge of the court.

In June 1987, petitioner began serving the concurrent sentences in a federal prison.  He qualified for federal good-

time credits and was released from the federal institution after three years of actual confinement.  The Virgin Islands Bureau of Corrections then took custody of petitioner in June 1990 to serve the remaining portion of his territorial sentence.

While in the Virgin Islands institution, petitioner asked that he be given credit against the eight-year territorial sentence for the five-year sentence completed in the federal prison.  The Virgin Islands Attorney General's Office responded that petitioner would be given credit only for the three years actually spent in the federal penitentiary and that he would earn good-time credit under Virgin Islands law only for the period in which he was incarcerated in the Virgin Islands institution.

The net result of the Attorney General's ruling was that petitioner would earn good-time credits under Virgin Islands law only after June 1990 when he was returned to the Virgin Islands and became an inmate there.  According to the Bureau of Corrections, petitioner would, therefore, not complete his sentence until May 29, 1994, assuming that he earned good-time credits at the Virgin Islands facility.

Petitioner then sought a writ of habeas corpus.  The district court concluded that petitioner had been in "constructive custody" of the Bureau of Corrections while serving the concurrent territorial sentence in the federal prison.  The court thus found that petitioner was entitled to good-time credits under Virgin Islands law against the territorial sentence for the time spent in the federal prison, as well as for the period served in the Virgin Islands institution.  On that basis,

3

the court observed that the petitioner's sentence had already expired and on September 1, 1993, ordered the immediate release of petitioner. The Government of the Virgin Islands has appealed, asserting that the district court erred in releasing petitioner prematurely.

18 U.S.C. § 5003(a) authorizes the Director of the United States Bureau of Prisons to contract with appropriate state and territorial officials for the custody of persons convicted in state or territorial courts. Section 5003(c) of that statute provides that "[u]nless otherwise specifically provided in the contract, [such persons] shall be subject to all the provisions of law and regulations applicable to persons committed for violations of laws of the United States not inconsistent with the sentence imposed." Id. § 5003(c).

Acting pursuant to authority granted by 18 U.S.C. § 5003 and by the corresponding Virgin Islands statute, V.I. Code title 5, § 4503, the Government of the Virgin Islands entered into a contract with the United States Bureau of Prisons, which specified that prisoners in the custody of the federal government would be subject to federal rules and regulations. Therefore, by virtue of 18 U.S.C. § 5003 and the contract, Virgin Islands prisoners confined in federal prisons, whether convicted of federal or territorial offenses, are subject to the statutes applicable to federal prisoners and regulations of the federal Bureau of Prisons.

18 U.S.C. § 5003 does not exclude awards of good-time credits from its scope, and consequently, they would be

4

applicable to prisoners serving territorial as well as federal sentences. To make a distinction depending on the jurisdiction that imposed the term of incarceration would create an undesirable disparity among the inmates, which would in turn lead to disciplinary problems for prison administrators. Moreover, allowing federal good-time credits toward a federal sentence, but not doing so for a concurrent territorial term, would reduce the incentives for a prisoner to qualify for those benefits and would thus frustrate the aims of the federal program.

At the time of the petitioner's offense, the federal good-time credit statute, 18 U.S.C. § 4161 (1982) (repealed 1986), provided that a prisoner convicted of a federal offense was entitled to an allowance of eight days per month for a sentence of between five and ten years.[1] Because petitioner was subject to federal rules and regulations while serving time in the federal prison, he was entitled to receive good-time credit under 18 U.S.C. § 4161 not only for the federal sentence, but for the territorial sentence as well. For example, if petitioner had been sentenced to concurrent five-year sentences for both the federal and territorial crimes, he would have been entitled to be released after his completion of the federal sentence.

---

[1] This statute was replaced by 18 U.S.C. § 3624(b), which limits good-time credits for federal offenses to 54 days per year. Section 3624(b) does not apply to petitioner because his offense occurred prior to the effective date of the repealer. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, ch. II, §235(a)(1), 98 Stat. 1987, 2031 (repeal of 18 U.S.C. § 4161 effective Nov. 1, 1986).

The Bureau of Corrections, therefore, erred in deciding that the period of time served in the federal institution should be treated differently for the territorial and federal sentences. If federal good-time credit had been properly applied to his concurrent territorial sentence for that period, petitioner would have had only three remaining years to serve in a Virgin Islands correctional institution following his transfer from the federal prison.[2]

Although we conclude that the Bureau of Corrections erred in its calculation of the petitioner's release date by failing to apply federal good-time credit to the territorial sentence, we must also reject the petitioner's contention that he was entitled to good-time credit under Virgin Islands law for that same period.

The Virgin Islands good-time provision is codified at V.I. Code tit. 5, § 4571 and reads in pertinent part: "Each prisoner confined in a prison or jail in the Virgin Islands for a definite term . . . shall be entitled to a deduction from the term of his sentence . . . as follows: Six days for each month of time served."

The Government of the Virgin Islands argues correctly, we believe, that this statutory language limits credits to time served in a Virgin Islands institution. The language refers to

_____

[2]This good-time credit calculation would be the same as that provided for his federal sentence. The record is unclear as to how the federal authorities arrived at this calculation. Nevertheless, we base the petitioner's good-time credit allowance on the same figure.

6

the place of confinement and does not use the term "custody" or any such relationship in determining eligibility for the credits. Consequently, the petitioner's reliance on cases discussing "constructive custody" such as Ali v. Gibson, 572 F.2d 971 (3d Cir. 1978), is misplaced.

In Fields v. Keohane, 954 F.2d 945, 948 (3d Cir. 1992), the petitioners complained that because their District of Columbia sentences were being served in a federal penitentiary, they were only being given federal system good-time credits, rather than the more favorable benefits available to those confined in District of Columbia facilities. We rejected their contention that they had a "liberty interest" in being confined to a District of Columbia institution and recognized the right of the District of Columbia authorities to limit local good-time benefits to their own institutions. Id. at 950-51; see also Moss v. Clark, 886 F.2d 686, 691 (4th Cir. 1989); cf. Jackson v. Thornburgh, 907 F.2d 194, 197-200 (D.C. Cir. 1990) (rejecting the argument that not allowing women prisoners who were housed in federal prison to receive more favorable good-time credit under District of Columbia law violated Equal Protection Clause).

Accordingly, we dismiss the petitioner's contention that during the period of his confinement in the federal institution, he was entitled to accumulate Virgin Islands good-time credits. The language of the Virgin Islands Code specifying the location at which credits may be earned bars such a result. In any event, our conclusion that petitioner is entitled to

7

federal good-time credits against the territorial sentence leads to the result he intended when seeking relief.

In sum, petitioner was entitled to full credit for a five-year term served in the federal institution, and upon his relocation to the Virgin Islands prison, he was eligible for Virgin Islands good-time credits for the duration of his stay there. Specifically, because petitioner was to be considered as having served five of the eight-year term on his territorial sentence while in the federal institution, he had a maximum of three years remaining on his Virgin Islands sentence. He was then entitled to Virgin Islands good-time credits during those remaining three years.

According to our calculations, petitioner had completed both sentences before the date he was released. Therefore, we will affirm the order of the district court, although we have followed a different route in coming to that conclusion.

The judgment of the district court will be affirmed.