**Ronca L. BOYD, Petitioner,**

v.

**William F. WARD, Chairman, and Pennsylvania Board of Probation and Parole, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 2002.

Decided July 10, 2002.

---

Ronca L. Boyd, petitioner, pro se.

Tara L. Patterson, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Pennsylvania Board of Probation and Parole has filed preliminary objections in the nature of a demurrer to the petition for review in the nature of mandamus filed by Ronca L. Boyd. The issue in this case is whether the Board complied with the appropriate statutory mandates when issuing its decision to deny Boyd parole. The Board determined that the fair administration of justice could not be achieved through the release of Boyd on parole.

Boyd is currently sentenced to a total term of incarceration of not less than twelve years and no more than twenty-four years for the offenses of attempted murder, aggravated assault, possession of an instrument of crime, former convict not to own a firearm and reckless endangerment. Boyd's minimum sentence date was September 17, 2000, and her maximum term expiration date is September 17, 2012. Boyd was first denied parole on July 10, 2000. Following an interview and review of Boyd's file, the Board determined that its mandate to protect the safety of the public and to assist in the fair administration of justice could not be achieved through Boyd's release on parole.

On July 3, 2001, the Board on its own motion reviewed Boyd for parole, and it again denied her parole. The next parole review would occur in or after June 2002. The parole denial provided that the fair administration of justice could not be achieved through Boyd's release on parole, and it included standard boilerplate language that at the next review the Board would consider whether Boyd had received a favorable recommendation for parole from the Department of Corrections, whether she had maintained a clear conduct record and whether she had completed Department prescriptive programs. Boyd filed a *pro se* petition for review averring that the Board failed to provide sufficient reasons for denying her parole and requesting the Court to compel the Board to issue a written rationale for its decision. The Board filed preliminary objections in the nature of a demurrer con-

tending that Boyd failed to state a cause of action.

 In reviewing preliminary objections in the nature of a demurrer, the Court's review is limited to determining whether on the facts averred, the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). The Court must accept as true all well-pled averments and material facts in the complaint as well as all inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *McGill v. Pennsylvania Department of Health, Office of Drug and Alcohol Programs*, 758 A.2d 268 (Pa. Cmwlth.2000). A writ of mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty.[1] *McGill*. When an action in mandamus involves an administrative agency's exercise of discretion, the court may only direct the agency to perform the discretionary act and may not direct the agency to exercise its discretion in any particular fashion. *Id.*

The Board is statutorily mandated to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney and the general character and background of the prisoner under parole review. Section 19 of the act commonly known as the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.19. The Board also must consider, among other things, the prisoner's physical, mental and behavioral condition, the history of family violence and the complete criminal history. After considering these factors, the Board can exercise its discretion to either grant or deny parole.

 Pursuant to 37 Pa.Code § 63.1(a) the Board may grant paroles of its own motion in accordance with Section 22 of the Parole Act, 61 P.S. § 331.22, which reads in part:

The board shall have the power, subject to the provisions and limitations set forth in section twenty-one, to grant paroles of its own motion whenever in its judgement the interests of justice require the granting of the same. In addition thereto, the board shall have the power, and it shall be its duty, to consider applications for parole by a prisoner or by his attorney.... Reasonable rules and regulations shall be adopted by the board for the presentation and hearing of applications for parole: Provided, however, That whenever any prisoner is paroled by the board, whether of its own motion or after hearing of an application therefor, or whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record in the offices of the board and shall be at all reasonable times open to public inspection....

The Board asserts that parole determinations are solely within its discretion and are not subject to judicial review.[2] More-

---

1. In *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287 (2001), the Pennsylvania Supreme Court held that when an individual challenges Board action taken pursuant to changed statutory requirements, the individual may do so by filing a mandamus action in this Court's original jurisdiction to examine whether such statutory requirements have been altered in such a way as to result in a constitutional violation.

2. The Board relies upon *Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa. Cmwlth. 333, 514 A.2d 967 (1986), which supports a general statement of the law in this Commonwealth that parole decisions are not subject to judicial review and that such decisions are solely within the discretion of the Board.

over, it contends without citing any authority that the provisions of Section 22 do not apply to Boyd because the Board reviewed her file on its own motion and even if the provisions did apply, the Board's statement satisfies its statutory requirements. A careful review, however, of Section 22's provisions demonstrates that the Board's contention lacks merit. Under that section the Board must provide a brief statement of its reasons for denying or for granting parole, and no language either express or implied exempts the Board from fulfilling this requirement even when the Board conducts parole review on its own motion. Boyd therefore must be provided a statement of the reasons for the Board's decision to deny her parole. The question thus becomes whether the Board has complied with the minimal requirements of Section 22.

The Board stated in its decision that "the fair administration of justice cannot be achieved through [Boyd's] release on parole." In *Voss v. Pennsylvania Board of Probation and Parole*, 788 A.2d 1107 (Pa.Cmwlth.2001), the Board denied parole based on the "achieving the fair administration of justice" statement. The Court found that this statement did not satisfy statutory mandates and the requirements of due process, and the Court directed the Board to file a statement of reasons for its denial of parole that met due process requirements.

In contrast, the Court held in *Hollawell v. Pennsylvania Board of Probation and Parole*, 701 A.2d 290 (Pa.Cmwlth.1997), that the following statement, although lacking in elaboration, satisfied the minimal requirements of Section 22: "REFUSE. HABITUAL OFFENDER. YOUR NEED FOR TREATMENT. UNFAVORABLE RECOMMENDATION FROM THE DISTRICT ATTORNEY." Applying this minimal standard from *Hollawell*, it is apparent that the Board's decision in Boyd's case did not meet minimal statutory requirements. The Court thus overrules the Board's preliminary objections in the nature of a demurrer.

### ORDER

AND NOW, this 10th day of July, 2002, the preliminary objection in the nature of a demurrer filed by Respondent Pennsylvania Board of Probation and Parole is hereby overruled, and Respondent is required to file its answer to the petition for review within 30 days of this order.