**Christopher P. FORDHAM, Petitioner**

v.

**COMMONWEALTH, DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2008.
Decided March 6, 2008.

event, any purported hardship is entirely self-imposed.

Michael D. Rentschler, Camp Hill, for petitioner.

Timothy A. Holmes, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Before this Court in our original jurisdiction are preliminary objections filed by the Department of Corrections (Department) to a petition for review filed by Christopher P. Fordham (Fordham) claiming that the "good time" credit he earned during a federal prison sentence pursuant to 18 U.S.C. § 3624(b)[1] should be credited to a concurrent Pennsylvania sentence he is serving. Because Pennsylvania only permits "time served" to satisfy a sentence, we sustain the Department's preliminary objections.

On February 11, 1999, Fordham received a 120–month federal prison sentence as well as a concurrent 10 to 20 year Pennsylvania sentence for crimes that have not been disclosed. He began serving his sentences at a federal prison, and there he earned 54 days of "good time" credit per year in accordance with 18 U.S.C. § 3624(b) to be applied to his federal sentence. At the time Fordham filed his initial petition for review, he had received a total of 432 days of "good time" credit from the period of May 1998 to May 2006. He filed the instant petition for review requesting this Court to count his federal "good time" credit against his concurrent state sentence. The Department responded with preliminary objections, which are presently before this Court.

1. 18 U.S.C. § 3624(b) provides, in relevant part:

(b) Credit toward service of sentence for satisfactory behavior. [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

■ In its preliminary objections, the Department contends that Fordham's petition for review fails to make out the claim that his federal "good time" credit should be applied to his concurrent state sentence because the federal "good time" credit statute only pertains to federal sentences, and Pennsylvania lacks such a statute that provides for "good time" credit. The Department further argues that the federal government and Pennsylvania are two separate sovereigns with each possessing a distinct sentencing scheme, and credit earned through the federal scheme is inapplicable in the Pennsylvania scheme.[2] We agree.

■ The United States government utilizes a determinate sentencing scheme in which an inmate is sentenced to a set number of years of imprisonment, often referred to as a "flat" sentence. *Commonwealth v. Kleinicke*, 895 A.2d 562 (Pa.Super.2006). Because the duration of an inmate's sentence is immediately determinable upon sentencing, parole is unnecessary; but as a substitute, an inmate may earn credit for good behavior to reduce the overall length of his sentence. *See* 18 U.S.C. § 3624(b).

In Pennsylvania, however, an indeterminate sentencing scheme is employed wherein a sentencing judge announces a range consisting of a minimum and maximum sentence, *Kleinicke*, and only by serving time may an inmate attain parole, if proper, at the end of his minimum sentence. Unlike its federal counterpart, the only statute in Pennsylvania governing the award of credit for time served by an inmate after his state sentence is imposed is Section 9761 of the Judicial Code, 42 Pa.C.S. § 9761,[3] and there is no mention in this statute regarding the applicability of "good time" credit earned elsewhere to a Pennsylvania sentence. Consequently, for Fordham to meet his state minimum sentence, he has to serve actual time—in this case, 10 years—and his federal "good time" credit cannot count against his Pennsylvania minimum sentence.[4] Accordingly,

2. In ruling upon a preliminary objection in the nature of a demurrer, we accept as true all well-pleaded facts in the complaint and all reasonable inferences drawn from those facts and then determine whether the facts pleaded are legally sufficient to permit the action to continue. *Voss v. Pennsylvania Board of Probation and Parole*, 788 A.2d 1107 (Pa.Cmwlth. 2001). To sustain the preliminary objection, it must appear with certainty that the law permits no recovery, and all doubt must be resolved in favor of refusing to sustain the objection. *Id.*

3. Section 9761 of the Judicial Code provides:

(b) SENTENCES IMPOSED BY OTHER SOVEREIGNS.—If the defendant is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence. If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence. If the defendant is released after the minimum time has elapsed, he shall be considered for parole on the same basis as a prisoner who has served his minimum time in a correctional institution of the Commonwealth. If the defendant is released after the maximum time imposed under the sentence of imprisonment he shall be deemed to have served his sentence.

4. Fordham also cites to *Graham v. Lanfong*, 25 F.3d 203 (3rd Cir.1994), where an inmate received a federal and concurrent territorial sentence to be served in federal prison, and the "good time" credit he earned during his federal incarceration also applied to his territorial sentence. He analogizes the circumstances in *Graham* to his current situation and argues that his federal "good time" credit is to be applied to his Pennsylvania sentence. *Graham* is distinguishable because, in that case, the Virgin Islands contracted with the

we dismiss Fordham's petition for review and sustain the Department's preliminary objections.

### ORDER

AND NOW, this *6th* day of *March,* 2008, the petition for review filed by Christopher P. Fordham is dismissed and the preliminary objections filed by the Department of Corrections are sustained.

Bureau for the inmate to be in federal custody to serve his territorial sentences, making the inmate subject to all federal statutes and regulations. Through the operation of the contract and federal law, the Third Circuit found that the Virgin Islands was bound to apply the inmate's federal "good time" credit to his territorial sentence. Here, Fordham has not alleged that any such contract exists between Pennsylvania and the federal government.