IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Parks,                          :
                    Petitioner          :
                                        :
          v.                            : No. 2349 C.D. 2014
                                        : Submitted:  September 11, 2015
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                FILED: October 16, 2015


          Before this Court is a Petition for Leave to Withdraw with an attached

"*Turner* letter"[1] by Special Assistant Public Defender for State Parole Matters for

Somerset County Marc T. Valentine (Counsel) as counsel for inmate Derrick Parks

---

[1] A "*Turner* letter" is named after our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), where the Court held that counsel may instead provide a "no-merit" letter rather than an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) brief where the right to counsel does not derive from the United States Constitution.  The *Turner* letter must detail "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."  *Turner*, 544 A.2d at 928.  Once that is done, the court must conduct its own review of whether the claim is meritless.  It was applied to applications to withdraw as counsel in parole cases by *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214 (Pa. Cmwlth. 1989).

(Parks) because his petition for review from an order of the Pennsylvania Board of Probation and Parole (Board) has no factual or legal basis and is frivolous, along with the Board's application for remand to apply credit to Parks' original sentence and recalculate his maximum sentence.

On June 23, 1995, Parks was convicted of aggravated assault, with a minimum sentence of 8.5 years and a maximum sentence of 20 years, and convicted of criminal conspiracy and aggravated assault, with a minimum sentence of 2 years to a maximum of 4 years. Parks' minimum sentence date was set for May 22, 2005, and his maximum sentence date was set for November 22, 2018.

Parks was also sentenced by the federal court for another crime and was sentenced to serve 90 months, of which 66 months of that sentence was to run concurrently with his state sentence and 24 months of the sentence to run consecutively to that sentence.

On December 5, 2005, the Board determined that Parks should be paroled on or after that date to a federal sentence detainer. On June 28, 2006, Parks signed a notice that contained the conditions of parole, including but not limited to, the conditions pertaining to conviction of a crime, and was released on parole to the federal sentence detainer to serve in a federal institution the 24 months that had been imposed to run consecutively to his state sentence. On March 25, 2008, Parks was paroled from the federal correctional institution to the community.

On January 22, 2013, Parks was arrested for possession of a firearm by a convicted felon. On February 5, 2013, the Board lodged a detainer against Parks due to the new charges and he was taken into custody on March 14, 2013. On February 25, 2014, Parks was sentenced to 57 months in a federal correctional institution for possession of a firearm by a convicted felon. The Board held a revocation hearing, and based on his federal conviction, did not give him any credit against his original sentence for the time that he was on parole. The Board calculated that he had still owed 12 years, 4 months and 25 days to serve against his original sentence and ordered him to serve 18 months of back time. The Board also informed Parks that his new minimum sentence date is August 25, 2015, and the new maximum sentence date is July 22, 2026.

Parks filed a request for administrative relief contending the imposition of 18 months of back time and the recalculation of the maximum date were incorrect, alleging that he was not at liberty while on parole and not at liberty while serving his federal sentence. On November 20, 2014, the Board denied Parks' petition for administrative relief, finding there to be sufficient evidence at his parole violation hearing to recommit him. Furthermore, the Board explained that it had the discretion to recommit Parks as a convicted parole violator pursuant to Section 6138(a)(1) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(1), because Parks committed the offense while on parole, and it was punishable by imprisonment and resulted in convictions. Moreover, the Board noted that since it chose to recommit Parks as a convicted parole violator, his original sentence had to be recalculated to reflect that he had received no credit for the period he was at liberty on parole pursuant to 61 Pa. C.S. §6138(a)(2).

3

After the Board denied Parks' petition for administrative relief, Parks filed a petition for review of the Board's order with this Court contending that the Board erred in calculating his back time owed and we appointed Counsel to represent him in his appeal.[2]

After the appeal was filed, the Board filed an application for remand to recalculate his original sentence because he did not receive credit on his original sentence for the period that he was incarcerated from February 5, 2013, to April 22, 2013, which will change Parks' maximum sentence date from July 22, 2026, to May 7, 2026. On February 3, 2015, we entered an order that the Board's application for remand would be decided with the merits of the petition for review. On May 14, 2015, Counsel filed an application to withdraw with an attached *Turner* letter. We denied this request on May 19, 2015, stating that although counsel's *Turner* letter covers the issues raised by Parks, it failed to address the Board's concession in its application for remand that Parks is entitled to credit from February 5, 2013, to April 22, 2013.

Counsel then filed his second petition for leave to withdraw with the attendant *Turner* no-merit letter stating that after his review of the record and the merits, Parks' appeal was without merit and lacks legal and factual support.

_____

[2] Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235 (Pa. Cmwlth. 1995).

In that letter, he addressed the Board's application for remand by merely stating that "The Respondent has conceded and requested a Remand for time credit to the Petitioner from February, 2013 to April 22, 2013 and that Remand should be granted."

Counsel also sent a copy of the letter to Parks advising him that there was no merit to his appeal and notifying him of the right to retain new counsel or to raise any points which he may deem worthy of consideration in a *pro se* brief that he could file with this Court.

Before we can allow court-appointed counsel to withdraw because an appeal is frivolous, we must first examine whether the withdrawing counsel has: (1) notified parolee of counsel's request to withdraw; (2) furnished parolee with a copy of an *Anders* brief[3] or no-merit letter; and (3) advised parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423 (Pa. Cmwlth. 1996). We also must insure that withdrawing counsel's brief or letter sets forth (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513 (Pa. Cmwlth. 1998). Once we are satisfied that these technical requirements are met, only then will we go on to make an independent evaluation

---

[3] *See Anders v. California*, 386 U.S. 738 (1967). The brief that accompanies court-appointed appellate counsel's petition to withdraw from representation is commonly referred to as an *Anders* brief.

of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous – one that is completely devoid of points that might arguably support an appeal – before we will allow counsel to withdraw. *Id.* Because Counsel has complied with all of the notice provisions to Parks, the only technical requirement we need to review is Counsel's analysis of why the appeal is frivolous.

We decline to grant Counsel's application to withdraw because he still has not adequately dealt with the Board's application to remand the case to recalculate Parks' sentence. In response to our request to address this issue, Counsel merely states "The Respondent has conceded and requested a Remand for time credit to the Petitioner from February, 2013 to April 22, 2013 and that Remand should be granted," but without taking any action to insure that occurs. A *Turner* letter's purpose is to set forth why the appeal is frivolous and not to, in effect, act as a motion that goes to the merits of the case. Once a motion is filed asking for a remand to recalculate Parks' maximum release date and that matter is resolved, Counsel may again request to withdraw as counsel.

However, we note that in both *Turner* letters, Counsel has stated that the issue raised in the petition for review that the Board failed to give Parks credit for the "good time" credit he received while he was in federal custody was frivolous because:

> "Although he was not at liberty on parole while in federal custody, Parks is not owed a good time credit for time served while in federal custody. Section 9761 of the Judicial Code, 42 Pa. C.S. §9761 is not included

provision [sic] for good time credit for time served while in federal custody to be applied to a state sentence. In *Fordham v. Department of Corrections*, 943 A.2d 1004, 1005 (Pa. Cmwlth. 2008), the Court found that an inmate could receive 54 days of good time credit per year if a federal sentence was being served concurrently with a state sentence. There is no evidence in the record that shows that Parks' new federal conviction or his prior federal conviction was to be served concurrently with his state conviction. As a result, the Board properly recalculated the back time owed. (Page 3 of Counsel's *Turner* Letter.)

In *Fordham*, we did not state that an inmate could receive "good time" credit against his state sentence if the federal sentence was being served concurrently with his state conviction. In fact, we held that an inmate could never receive time credit for federal good time against a state sentence stating:

> The United States government utilizes a determinate sentencing scheme in which an inmate is sentenced to a set number of years of imprisonment, often referred to as a "flat" sentence. Commonwealth v. Kleinicke, 895 A.2d 562 (Pa. Super. 2006). Because the duration of an inmate's sentence is immediately determinable upon sentencing, parole is unnecessary; but as a substitute, an inmate may earn credit for good behavior to reduce the overall length of his sentence. See 18 U.S.C. §3624(b).
>
> In Pennsylvania, however, an indeterminate sentencing scheme is employed wherein a sentencing judge announces a range consisting of a minimum and maximum sentence, Kleinicke, and only by serving time may an inmate attain parole, if proper, at the end of his minimum sentence. Unlike its federal counterpart, the only statute in Pennsylvania governing the award of credit for time served by an inmate after his state sentence is imposed is Section 9761 of the Judicial Code, 42 Pa. C.S. §9761, and there is no mention in this statute

7

> regarding the applicability of "good time" credit earned elsewhere to a Pennsylvania sentence. Consequently, for Fordham to meet his state minimum sentence, he has to serve actual time--in this case, 10 years--and his federal "good time" credit cannot count against his Pennsylvania minimum sentence.

*Fordham*, 943 A.2d at 1006, 1007. We deny Counsel's petition for leave to withdraw without prejudice.

As mentioned, the Board has filed an application for remand to correct Parks' maximum sentence date by applying credit on Parks' original sentence and recalculating the maximum sentence. Accordingly, we grant the Board's motion and remand the matter to the Board for recalculation of Parks' maximum sentence.

_____
DAN PELLEGRINI, President Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Parks,                  :
        Petitioner      :
                         :
        v.              : No. 2349 C.D. 2014
                         :
Pennsylvania Board of Probation  :
and Parole,              :
        Respondent   :


**O R D E R**


AND NOW, this 16th day of October, 2015, the application filed by Marc T. Valentine, Esquire, for leave to withdraw as counsel is denied without prejudice to file an amended petition to withdraw. The Pennsylvania Board of Probation and Parole's application for remand is granted and the matter is remanded to the Board for recalculation of Derrick Parks' sentence.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, President Judge