Mark T. ALLEN, M.D.

v.

RELIANCE NATIONAL INSURANCE
COMPANY and Yellowbird Bus
Company, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 4, 2002.

Decided April 7, 2003.

Stacey M. Merkin, Philadelphia, for appellants.

Marc H. Snyder, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Reliance National Insurance Company (Reliance) and Yellowbird Bus Company (Yellowbird) (collectively Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) that denied Appellants' Petition to Open the Judgment, which judgment the trial court had certified upon praecipe of Mark T. Allen, M.D. (Dr. Allen).[1]

On December 12, 1999, Chance McCall (Claimant) sustained a back and neck injury while in the course and scope of his employment with Yellowbird. On December 16, 1999, Claimant began treatment with Dr. Allen, an "orthopedic consultant" for University Medical Center, and these

---

1. Appellants filed a "Motion to Vacate the Money Judgment" which the trial court treat- ed as a "Petition to Open the Judgment."

treatments continued until April 5, 2000. Thereafter, treatments then resumed on August 25, 2000, when Dr. Allen began to use specialized equipment, known as non-surgical decompression equipment (VAX–D), to treat Claimant's neck and back injuries.

Dr. Allen had contracted with Cubitrol Management Services (CMS) to provide all administrative and management services, including billing, for his medical practice. CMS contacted the Pennsylvania Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) to learn the identity of Yellowbird's insurer so it could properly invoice the insurer for the services provided to Claimant by Dr. Al-

len. The Bureau advised CMS that Yellowbird's insurer was Reliance and that it was located at 77 Water Street, 21st Floor, New York, New York. Accordingly, CMS sent the invoices for Claimant's treatment to that address.

In accordance with Section 306(f.1)(5) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5) [2] and 34 Pa.Code § 127.203,[3] CMS, on behalf of Dr. Allen, submitted three separate bills to Reliance, on three separate dates, seeking compensation for Dr. Allen's treatment of Claimant. However, these bills were not paid.

The first invoice was submitted to Reliance on November 3, 2000, for the VAD–X

**2.** Section 306(f.1)(5), 77 P.S. § 531(5), (emphasis added) provides,

> The *employer or insurer shall make payment and providers shall submit bills and records* in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the *treatment* provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the

department shall render an administrative decision.

**3.** 34 Pa.Code § 127.203 provides,

> (a) Providers who treat injured employes are required to submit periodic medical reports to the employer, commencing 10 days after treatment begins and at least once a month thereafter as long as treatment continues. If the employer is covered by an insurer, the provider shall submit the report to the insurer.
>
> (b) Medical reports are not required to be submitted in months during which treatment has not been rendered.
>
> (c) The medical reports required by subsection (a) shall be submitted on a form prescribed by the Bureau for that purpose. The form shall require the provider to supply, when pertinent, information on the claimant's history, the diagnosis, a description of the treatment and services rendered, the physical findings and the prognosis, including whether or not there has been recovery enabling the claimant to return to pre-injury work without limitations. Providers shall supply only the information applicable to the treatment or services rendered.
>
> (d) If a provider does not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer.

treatments rendered to Claimant between August 25, 2000 and November 3, 2000, for a total of $39,270. Reliance had thirty days to make payment or to contest Dr. Allen's invoices,[4] but it did not respond. Accordingly, on December 10, 2000, Dr. Allen filed an Application for Fee Review with the Bureau contending that the payment of $39,270 invoice was not timely made as required by the Act.[5] The Bureau issued an administrative decision [6] that determined that Reliance had not made timely payment. The decision was sent to Reliance and Yellowbird, and it included an explanation of the appeal process.[7] However, Reliance did not appeal.

Thereafter, two more claims forms were submitted to Reliance for Dr. Allen's treatment of Claimant for the period between November 14, 2000 and January 26, 2001. Again, Reliance neither paid nor contested the invoices, and Dr. Allen filed two more fee applications with the Bureau. One application asserted a right to payment of $28,005, the second asserted a right to payment of $6,345. The Bureau issued two more administrative decisions finding that Reliance had been untimely in its handling of Dr. Allen's claims for payment.

Dr. Allen then obtained certifications of the Bureau's above-described three administrative decisions, which he used, on June 4, 2001, to support a Praecipe to Enter Judgment filed with the trial court. Specifically, the Bureau certifications were attached to the Praecipe as evidence of Dr. Allen's "judgment" against Appellants.

On June 29, 2001, Appellants filed a Petition to Open the Judgment for the reason that the administrative decisions issued by the Bureau did not effect a money judgment against them, and therefore, the trial court had not been presented with a judgment to certify. It also asserted that Dr. Allen violated the Act by making self-referrals; that the claim forms were sent to the incorrect Reliance address; that the Application for Fee Reviews were incorrect; and that Dr. Allen had not provided proper medical documentation to Reliance. On July 30, 2001, Dr. Allen filed a response denying the allegations.

---

4. See 34 Pa.Code § 127.208.

5. Section 306(f.1)(5) of the Act, 77 P.S. § 531(f.1)(5).

6. The Bureau is required to issue an administrative decision within 30 days of the receipt of documentation. Specifically, 34 Pa.Code § 127.256 provides,
   When a provider has filed all the documentation required and is entitled to a decision on the merits of the application for fee review, the Bureau will render an administrative decision within 30 days of receipt of all required documentation from the provider. The Bureau will, prior to rendering the administrative decision, investigate the matter and contact the insurer to obtain its response to the application for fee review.

7. 34 Pa.Code § 127.257, which provides,
   (a) A provider or insurer shall have the right to contest an adverse administrative decision on an application for fee review.

(b) The party contesting the administrative decision shall file an original and seven copies of a written request for a hearing with the Bureau within 30 days of the date of the administrative decision on the fee review. The hearing request shall be mailed to the Bureau at the address listed on the administrative decision.
(c) A copy of the request for a hearing shall be served upon the prevailing party in the fee dispute. A proof of service, indicating the person served, the date of service and the form of service, shall be provided to the Bureau at the time the request for hearing is filed.
(d) An untimely request for a hearing may be dismissed without further action by the Bureau.
34 Pa.Code § 127.261 also allows a party to file a direct appeal to the Commonwealth Court within thirty days from the mailing of the decision.

On September 18, 2001, the trial court issued an order denying the Petition to Open Judgment. After Appellants appealed the trial court's decision,[8] the trial court issued an opinion on April 17, 2002 explaining its September 18, 2001 order. The trial court reasoned that,

As set forth above, Dr. Allen filed three (3) Applications for Fee Review to obtain payment for services rendered to Mr. McCall. In each instance, [Appellants] failed to respond to the investigation performed by the Bureau and, even after the Bureau issued its findings, failed to appeal the administrative decisions. Not only do [Appellants] lack a defense to the judgment obtained by Dr. Allen, but they also have failed to present any evidence as to why they chose to ignore the administrative procedures followed by Dr. Allen. Accordingly, [Appellants] were not entitled to avail themselves of the equitable relief they now seek.

\* \* \*

Finally, as the underlying judgment[9] in this matter was entered in another county, this Court is without jurisdiction even to address the merits, should there have been any, raised in [Appellants'] Motion.

Trial Court Opinion, 5–6, R.R. 318a–319a. Appellants then brought this appeal.

On appeal, Appellants contend that the trial court's refusal to open judgment is defective on its face. Again, they note that the Bureau's determinations only found that Reliance had not made timely payment, not that Dr. Allen's claims were meritorious; accordingly, the decisions cannot support a judgment of $74,200. They also contend that the judgment of $74,200 is excessive in any case; that Dr. Allen lacks standing to have a judgment issued against insurer, a course only available to a claimant; and that Dr. Allen violated the Act by failing to submit proper documentation and by making self-referrals.

In order to decide these issues, we must first determine whether this Court may decide them in light of the fact that Reliance is in liquidation. For the following reasons, we conclude that the liquidation of Reliance has divested this Court, or any court, to decide the merits of Dr. Allen's claim.

On May 29, 2001, this Court entered a rehabilitation order against Reliance.[10] This order defines "Reliance" to include Reliance National Insurance Company, which had been merged into Reliance prior to rehabilitation. The order directs that "all actions currently pending against Reliance in the Courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed." Order, ¶ 22. The Rehabilitation Order also stayed actions pending "in the Courts of the Commonwealth of Pennsylvania or elsewhere against an *insured* of Reliance...." Order, ¶ 22. Nevertheless, on June 4, 2001, Dr. Allen, in derogation of

---

8. Appellants appealed the trial court's order to the Superior Court which was then transferred to this Court.

9. There was no underlying judgment entered in "another county," which the trial court claims to be Dauphin County, the county wherein the Bureau is located. *See,* Trial Court Opinion, 4. The administrative findings of the Bureau, attached to Dr. Allen's Praecipe, are not court orders. In addition, the decisions merely found that insurer had been untimely in its payment; they did not order payment in the amount of $74,200. Thus, no judgment was ever entered against Reliance.

10. Appellants' brief acknowledges that Reliance has gone into liquidation and that the estate is being administered by a liquidator appointed by the Insurance Commissioner. Appellants' Brief, 8, n. 3.

this Court's Rehabilitation Order, filed a Praecipe to Enter Judgment against Reliance and against its insured, Yellowbird. R.R. 5a–8a.

On October 3, 2001, this Court entered a Liquidation Order against Reliance pursuant to Article V of The Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§ 221.1–221.63 ("Article V"). Section 526(a) of Article V states in relevant part as follows:

Upon issuance of an order appointing the commissioner liquidator of a domestic insurer or of an alien insurer domiciled in this Commonwealth, *no action at law or equity shall be brought by or against the insurer, whether in this Commonwealth or elsewhere, nor shall any such existing actions be continued after issuance of such order.*

40 P.S. § 221.26(a) (emphasis added). Thus, by operation of law, the effort of Reliance to open the judgment improperly certified with the trial court[11] in favor of Dr. Allen was stopped in its tracks as was the ability of Dr. Allen to collect on his judgment through civil process.

Nevertheless, on September 18, 2001, the trial court entered the first real "judgment" in this case by refusing to open the certification entered by praecipe. This order has no efficacy. Section 538(c) of Article V provides as follows:

*No* judgment or *order against an insured or the insurer entered against after the date of filing of a successful petition for liquidation,* and no judgment or order against an insured or the insurer entered at any time by default or by collusion *need be considered as evidence of liability or of quantum of damages.*

40 P.S. § 221.38(c) (emphasis added). Thus, the September 18, 2001 judgment or order and April 17, 2002 opinion of the trial court are not "evidence of liability or of quantum of damages" owed by Yellowbird or Reliance.

Dr. Allen's claim arises from a workers' compensation policy issued by Reliance[12] to Yellowbird. Article V directs how Dr. Allen's claim should be handled. He should file a proof of claim with the Reliance Liquidator pursuant to Sections 537(a)[13] and 538(a)[14] of Article V, 40 P.S.

11. It was improper because it was issued after the stay was entered by this Court in the Rehabilitation Order of May 29, 2001. In addition, it was improper because the trial court based its order and opinion on a judgment in Dauphin County that never existed; thus, the trial court had no basis upon which it could deny the Motion to Open Judgment even if the stay had not been entered by this Court.

12. It is not clear that Dr. Allen has named the correct Reliance entity. Appellants assert that Dr. Allen's claim forms should have been sent to "Reliance Reinsurance" in Philadelphia, but it does not expressly state that the wrong corporation has been named by Dr. Allen. The record does not disclose whether Reliance Reinsurance is a separate company or a division of the company in liquidation.

13. Section 537(a) of Article V states:

Proof of all claims shall be filed with the liquidator in the form required by section 538 on or before the last day for filing specified in the notice required under section 524, except that proofs of claim for cash surrender values or other investment values in life insurance and annuities need not be filed unless the liquidator expressly so requires.

14. Section 538(a) of Article V states:

(a) Proof of claim shall consist of a statement signed by the claimant that includes all of the following that are applicable:

(1) the particulars of the claim including the consideration given for it;

(2) the identity and amount of the security on the claim;

(3) the payments made on the debt, if any;

§§ 221.37(a), 221.38(a). Third party claims, such as that of Dr. Allen, are specifically contemplated by Article V. Section 540 of Article V, 40 P.S. § 221.40.[15] The Liquidator will evaluate the claim,[16] and the Liquidator need not consider the Praecipe filed with the trial court on June 4, 2001, because it was filed in derogation of this Court's Rehabilitation Order. Should the Liquidator's evaluation result in his

being denied "in part or in whole," Dr. Allen may file objections. The statute then provides for a hearing on the objections by this Court "or by a court-appointed referee who shall submit findings of fact along with his recommendation." 40 P.S. § 221.41(b).

Because Reliance is in liquidation, the merits of Dr. Allen's claim against Reli-

(4) that the sum claimed is justly owing and that there is no setoff, counterclaim or defense to the claim;

(5) any right of priority of payment or other specific right asserted by the claimants;

(6) a copy of written instrument which is the foundation of the claim;

(7) in the case of any third party claim based on a liability policy issued by the insurer, a conditional release of the insured pursuant to section 540(a); and

(8) the name and address of the claimant and the attorney who represents him, if any.

No claim need be considered or allowed if it does not contain all the foregoing information which may be applicable. The liquidator may require that a prescribed form be used, and may require that other information and documents be included.

15. Section 540 of Article V states:

(a) Whenever any third party asserts a cause of action against an insured of an insurer in liquidation the third party may file a claim with the liquidator. The filing of the claim shall operate as a release of the insured's liability to the third party on that cause of action in the amount of the applicable policy limit, but the liquidator shall also insert in any form used for the filing of third party claims appropriate language to constitute such a release. The release shall be null and void if the insurance coverage is avoided by the liquidator.

(b) Whether or not the third party files a claim, the insured may file a claim on his own behalf in the liquidation. If the insured fails to file a claim by the date for filing claims specified in the order of liquidation or within sixty days after mailing of the notice required by section 524(a), whichever is later, he shall be deemed to be an unexcused late filer.

(c) The liquidator shall make his recommendations to the court under section 545 for the allowance of an insured's claim under subsection (b) after consideration of the probable outcome of any pending action against the insured on which the claim is based, the probable damages recoverable in the action, and the probable costs and expenses of defense. Such recommendations as are not modified by the court within a period of sixty days following submission by the liquidator shall be treated by the liquidator as allowed recommendations, subject thereafter to later modification or to rulings made by the court pursuant to section 541. After allowance by the court, the liquidator shall withhold any distributions payable on the claim, pending the outcome of litigation and negotiation with the insured. Whenever it seems appropriate, he shall reconsider the claim on the basis of additional information and amend his recommendations to the court. The court may amend its allowance as it thinks appropriate. As claims against the insured are settled, the claimant shall be paid from the amount withheld the same percentage distribution as was paid on other claims of like priority, based on the lesser of either: (i) the amount allowed on the claims by the court, or (ii) the amount actually recovered from the insured by action or paid by agreement plus the reasonable costs and expenses of defense. After all claims are settled, any sum remaining from the amount withheld shall revert to the undistributed assets of the insurer. Delay in final payment under this subsection shall not be a reason for unreasonable delay of final distribution and discharge of the liquidator.

16. The Liquidator, in turn, may refer the claim to the Workers' Compensation Security Fund. *See* Act of July 1, 1937, P.L. 2532, *as amended,* 77 P.S. §§ 1051–1066.

ance and Yellowbird can only be decided through the proof of claim process. The Praecipe to Enter Judgment violated this Court's Rehabilitation Order, and the trial court's order refusing to open that judgment violated the Liquidation Order. Therefore, we conclude both the praecipe and the order are of no moment.

Accordingly, Dr. Allen's praecipe filed on June 4, 2001 and the trial court's order of September 18, 2001 are vacated.

## ORDER

AND NOW, this 7th day of April, 2003, the praecipe filed on June 4, 2001, and order of the Court of Common Pleas of Philadelphia County dated September 13, 2001, in the above captioned matter, are vacated in accordance with the Opinion attached hereto.

## DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the Majority's conclusion that "[b]ecause Reliance [National Insurance Company] is in liquidation, the merits of Dr. [Mark T.] Allen's [Dr. Allen] claim against Reliance and Yellowbird [Bus Company] can only be decided through the proof of claim process" and that "[t]he Praecipe to Enter Judgment violated this Court's Rehabilitation Order...."

Paragraph 22 of this Court's Rehabilitation Order of May 29, 2001 provides:

All actions currently pending against Reliance in the Courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed. All actions currently pending in the Courts of the Commonwealth of Pennsylvania or elsewhere against an insured of Reliance are

1. The trial court treated the "Motion to Vacate the Money Judgment" as a "Petition to

stayed for 60 days or such additional time as the Rehabilitator may request. *This Order shall not preclude any action from proceeding prior to the expiration of 60 days provided that the Rehabilitator and the parties to any such pending actions have agreed to proceed.* (emphasis added).

Order of the Commonwealth Court, May 29, 2001, Paragraph 22 at 8.

Here, Dr. Allen filed a praecipe to enter judgment on June 4, 2001. *See* Paragraph 1 of the Motion to Vacate Money Judgment[1], June 29, 2001, at 2; Reproduced Record (R.R.) at 88. On June 29, 2001, Reliance and Yellowbird (collectively, Appellants) petitioned to open/strike the money judgment and alleged:

1. The instant case arises out of a workers' compensation claim relating to a work injury, which occurred on December 12, 1999, involving an injury to neck and low back pain.

. . . .

15. [sic] The Administrative Decisions of February 9, 2001 and May 1, 2001 do not Order defendants Reliance National Insurance Company or Yellowbird Bus Company to make timely payments to Dr. Allen. The Administrative Decisions merely make a determination that the medical bills were untimely paid, and grant interest on the bills upon payment.

16. [sic] Dr. Allen does not have standing under the Pennsylvania Workers' Compensation Act [Section 428 of the Act, 77 P.S. § 921] to seek judgment in the Court of Common Pleas....

Petition to Vacate Money Judgment, June 29, 2001, Paragraphs 1, 15 and 16 at 2 and 7; R.R. at 88a and 93a.

Open the Judgment."

In the present controversy, Appellants never challenged the jurisdiction of the common pleas court based upon the issuance of this Court's stay. It is evident that Appellants agreed to proceed with the pending action pursuant to Paragraph 22.[2]

Further, before this Court, although Appellants acknowledged that "Reliance Insurance has since gone into liquidation and the Estate is being administered by a Liquidator appointed by the Commissioner of Insurance" it chose not to raise the stay as an affirmative defense. *See* Brief for Appellants at 8 n. 3. As a result, I believe that there was no violation of the Rehabilitation Order and that the stay does not *sua sponte* divest this Court of jurisdiction to entertain the present appeal.

On appeal, Appellants contend that Dr. Allen lacked standing to seek a money judgment against Appellants pursuant to Section 428 of the Workers' Compensation Act (Act)[3], 77 P.S. § 921.

> Section 428 of the Act provides:
> Whenever the employer ... shall be in default in compensation payments for thirty days or more, the *employe or dependents* entitled to compensation thereunder may file a certified copy of

the agreement and *the order of the department* approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award, or order to be payable to the *employe or his dependents*, as a judgment against the employer or insurer liable under such agreement or award .... (emphasis added).

Section 428 of the Act clearly provides that a money judgment for the "entire balance" shall be entered in favor of the "employe" or "claimant" in "any county" where there has been an "order" entered by the Department. Here, there is no question that Dr. Allen is a medical provider and not an employe or claimant. Also, there was no "award" or "order" entered in this matter. To his praecipe to enter judgment[4] Dr. Allen attached the administrative decisions[5] of the Bureau.[6] The Bureau's decision did not order Appellants to make timely payments to Dr. Allen or pay the balance of the bills. These decisions were not tantamount to an order. Because Dr. Allen had no standing under the Act to seek a money judgment in the

---

2. Also, there is no evidence of record that Dr. Allen had notice of the stay.

3. Act of June 2, 1915, P.L. 736, *as amended.*

4. The praecipe to enter judgment stated: "[t]o the Prothonotary ... [k]indly enter judgment in favor of the plaintiff, Mark T. Allen, M.D. and against defendants Reliance National Insurance Co. and Yellowbird Bus Co., in the amount of $74,200.00, in addition to interest on all unpaid sums at the rate of 10% annum, calculated from the date of payment on each bill due (i.e., 30 days after the bill and medical report were submitted for payment)." (footnote omitted). Praecipe to Enter Judgment, June 4, 2001, at 1–2; R.R. at 6a–7a.

5. The Bureau of Workers' Compensation (Bureau) issued two administrative decisions in regards to Dr. Allen's application for fee re-

view filed pursuant to Section 306(f.1)(5) of the Act, 77 P.S. § 531(3)b. The Bureau determined that "[a]s a result of the investigation, the Medical Fee Review Section made the following administrative decisions: the insurer/employer has been untimely in its payment/denial of the medical bill(s) submitted for fee review." Administrative Decision, February 9, 2001, at 1 and May 1, 2001, at 1; R.R. at 10a and 79a.

6. Although the common pleas court stated that Dr. Allen filed a certification of judgment and docket entries from Dauphin County, a review of the record indicates that it was the administrative decisions, and not any Dauphin County docket entries that were attached to the praecipe to enter judgment.

court of common pleas, the court erred as a matter of law when it failed to strike the judgment.

I would reverse and remand the present matter to the common pleas court to strike the judgment entered in favor of Dr. Allen.