**Mark T. ALLEN, M.D., Appellant**

v.

**PROTO HOME IMPROVEMENTS and Amerihealth Casualty Services.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 2004.

Decided April 20, 2004.

16. Based on our disposition of this claim, we will not reach the other allegations of error raised in the instant appeal.

Mark W. Voigt, Elkins Park, for appellant.

Charlene Stewart Barnaba, Philadelphia, for appellees.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Appellant Mark T. Allen, M.D. (Dr. Allen) appeals from an order of the Court of Common Pleas of Philadelphia County (Trial Court) which dismissed and dissolved Dr. Allen's Praecipe to Enter Judgment against Proto Home Improvements and Amerihealth Casualty Services (collectively, Proto), and granted Proto's Motion to Quash. We affirm.

On September 11, 2001, Marion Sosnowski (Claimant) sustained a work-related injury in the course and scope of his employment for Proto Home Improvements. Thereafter, Claimant began receiving benefits pursuant to the Pennsylvania Workers' Compensation Act (Act).[1]

Claimant's injury included a low back strain, for which he subsequently began receiving a non-surgical alternative treatment known as Vax–D from Dr. Allen. In relation to the instant matter, those treatments included those received by Claimant during a period spanning November 1, 2001 through November 16, 2001. Dr. Allen subsequently billed Proto for Claimant's treatments, which bills Proto denied asserting several defenses under the Act, and further contesting the billing amounts.

Dr. Allen then filed an Application for Fee Review with the Bureau of Workers' Compensation (Bureau) pursuant to Section 306(f.1)(5)[2] of the Act and 34 Pa.Code

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. Section 306(f.1)(5), 77 P.S. § 531(5), provides:

    The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The non-payment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the

§ 127.203,[3] asserting that his bills were not timely paid by Proto. The Bureau thereafter issued an administrative decision[4] determining that Proto had not made timely payment. The decision was sent to, *inter alia,* Proto, and it included an explanation of the appeal process.[5] Proto did not appeal the Bureau's timeliness determination.

Subsequently, Dr. Allen filed in the Trial Court his Praecipe to Enter Judgment (Praecipe), to which he attached a Certification and Attestation obtained from the Bureau in support of its timeliness deci-

reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

3. 34 Pa.Code § 127.203 provides:
(a) Providers who treat injured employes are required to submit periodic medical reports to the employer, commencing 10 days after treatment begins and at least once a month thereafter as long as treatment continues. If the employer is covered by an insurer, the provider shall submit the report to the insurer.
(b) Medical reports are not required to be submitted in months during which treatment has not been rendered.
(c) The medical reports required by subsection (a) shall be submitted on a form prescribed by the Bureau for that purpose. The form shall require the provider to supply, when pertinent, information on the claimant's history, the diagnosis, a description of the treatment and services rendered, the physical findings and the prognosis, including whether or not there has been recovery enabling the claimant to return to pre-injury work without limitations. Providers shall supply only the information applicable to the treatment or services rendered.
(d) If a provider does not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer.

4. The Bureau is required to issue an administrative decision within 30 days of the receipt of documentation, as provided for in 34 Pa. Code § 127.256:

When a provider has filed all the documentation required and is entitled to a decision on the merits of the application for fee review, the Bureau will render an administrative decision within 30 days of receipt of all required documentation from the provider. The Bureau will, prior to rendering the administrative decision, investigate the matter and contact the insurer to obtain its response to the application for fee review.

5. Specifically, 34 Pa.Code § 127.257 provides:

(a) A provider or insurer shall have the right to contest an adverse administrative decision on an application for fee review.
(b) The party contesting the administrative decision shall file an original and seven copies of a written request for a hearing with the Bureau within 30 days of the date of the administrative decision on the fee review. The hearing request shall be mailed to the Bureau at the address listed on the administrative decision.
(c) A copy of the request for a hearing shall be served upon the prevailing party in the fee dispute. A proof of service, indicating the person served, the date of service and the form of service, shall be provided to the Bureau at the time the request for hearing is filed.
(d) An untimely request for a hearing may be dismissed without further action by the Bureau.
Further, 34 Pa.Code § 127.261 also allows a party to file a direct appeal to Commonwealth Court within thirty days from the mailing of the decision.

sion. In his Praecipe, Dr. Allen averred that the Bureau's timeliness decision entitled him to a judgment of $15,550.00, plus interest, for the unpaid medical treatments that were the subject of his Application for Fee Review. In opposition to Dr. Allen's Praecipe, Proto timely filed its Motion to Quash (Motion) with the Trial Court.

Thereafter, the Trial Court issued an order, dated September 11, 2002, granting Proto's Motion and dismissing and dissolving Allen's Praecipe. On October 11, 2002, Allen filed with this Court a Notice of Appeal from the Trial Court's order.[6,7]

■ Upon our thorough review, we conclude that the Trial Court did not err in granting Proto's Motion, as it is unarguable that the Bureau's decision, written in response to Dr. Allen's Application for Fee Review, was not a court order. Further, that administrative decision did not order that Proto was to pay any amount to Dr. Allen, and was clearly not the proper subject for the entry of a judgment. The Bureau's decision upon which Dr. Allen relies is an administrative finding that found, solely, that Proto had been untimely in responding to Dr. Allen's invoices. That decision did not, on its face or impliedly, order Proto to pay any amount, and was not a judgment.

Most surprising, and somewhat disconcerting to this Court, is the fact that Dr. Allen should have been quite aware that the procedural path he had chosen to attempt to secure payment for his services was both incorrect, and a misrepresenta-

tion of the Bureau's decision. We direct Dr. Allen's attention to this Court's prior opinion on this matter, in which Dr. Allen himself attempted this same procedure to secure payment from another insurer, with the same result. In *Mark T. Allen, M.D. v. Reliance National Insurance Co.*, 821 A.2d 651, 654–658 (Pa.Cmwlth.2003), we wrote:

> The administrative findings of the Bureau [in response to Dr. Allen's Application for Fee Review], attached to Dr. Allen's Praecipe, are not court orders. In addition, the decisions merely found that insurer had been untimely in its payment; they did not order payment in the amount of $74,200. Thus, no judgment was ever entered against [the insurer].
>
> *       *       *
>
> Also, there was no "award" or "order" entered in this matter. To his praecipe to enter judgment Dr. Allen attached the administrative decisions of the Bureau. The Bureau's decision did not order [the insurers] to make timely payments to Dr. Allen or pay the balance of the bills. These decisions were not tantamount to an order.

■ Additionally, as we have written previously, the fee review sections of the Act were not intended, and will not now be held to permit, the determination of liability as to a particular injury treatment under the Act:

> within the fourteen days therein mandated, and that resultantly, the Trial Court could not issue an opinion discussing the substantive issues that Allen intended to raise on appeal. Upon ascertaining that Dr. Allen did indeed file his Pa. R.A.P.1925(b) Statement in a timely manner, we remanded this case back to the Trial Court, which completed its opinion and recertified the record to this Court.

---

**6.** Dr. Allen originally filed his Notice of Appeal with Superior Court, which subsequently transferred this case to this Court by order dated November 22, 2002.

**7.** We further note that on November 4, 2002, the Trial Court issued an opinion to this Court stating that Dr. Allen had failed to timely file his Concise Statement of Matters Complained of on Appeal, pursuant to Pa. R.A.P.1925(b),

Clearly, the fee review process presupposes that liability has been established, either by voluntary acceptance by the employer or a determination by a workers' compensation judge. If the employer does not voluntarily accept liability, then the proper course is for the employee to file a claim petition, even if the claim is limited to reimbursement for medical bills. *See e.g., Jackson Township Volunteer Fire Co. v. Workmen's Compensation Appeal Board (Wallet),* 140 Pa.Cmwlth.620, 594 A.2d 826 (1991). The medical cost containment regulations were not intended to allow providers to litigate the issue of an employer's liability in cases where the employee has not elected to do so.

\* \* \*

Neither the Act nor the medical cost containment regulations provide any authority for a Hearing Officer to decide the issue of liability in a fee review proceeding. In addition, neither the Act nor the regulations provide for the automatic imposition of liability based on an employer's failure to promptly pay or promptly deny payment for medical expenses. *Catholic Health Initiatives v. Heath Family Chiropractic,* 720 A.2d 509, 511–512 (Pa.Cmwlth.1998) (Under the Act, and its concomitant cost containment provisions including the fee review section and regulations, employer was not estopped from denying liability for claimant's medical treatment by failing to promptly pay or deny liability for medical bills submitted by provider).

We strongly encourage Dr. Allen, and his counsel, to scrutinize this opinion, our prior opinion addressing Dr. Allen's identical prior attempt to establish payment liability via the fee review process, and our opinion in *Catholic Health Initiatives,* before attempting again to avail himself of

our judicial system to secure payment for his services in a manner that contradicts the express language of the Act, its regulations, and the opinions of this Court.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of April, 2004, the order of the Court of Common Pleas of Philadelphia County, dated September 11, 2002, at No. 3377 of the June Term, 2002, is affirmed.