598 A.2d 642

**Rabbi Sion A. DAVID, an individual citizen, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Secretary of Department of Public Welfare, and Fayette County Board of Commissioners, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs.

Argued May 2, 1991.

Decided Oct. 22, 1991.

162

Wayne W. Ringeisen, for petitioner.

Thomas F. Halloran, Sr. Deputy Atty. Gen., and Robert L. Webster, Jr., for respondents.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This case in our original jurisdiction is before us on Rabbi Sion A. David's (David) motion for post-trial relief seeking to remove a compulsory non-suit.

This is an action in mandamus begun on November 1, 1989 by David against the Commonwealth of Pennsylvania, Secretary of Department of Public Welfare (Secretary) and Fayette County Board of Commissioners (Commissioners).

David's Second Amended complaint alleged that pursuant to the Mental Health/Mental Retardation Act of 1966[1] (MH/MR Act), Section 304, 50 P.S. § 4304, the Commissioners voted in October of 1988 to post the Mental Health/Mental Retardation Administrator's position (MH/MR Administrator) (Complaint, paragraph 6); that the Fayette County Mental Health/Mental Retardation Board (MH/MR Board) in February, 1989 completed interviews for the position and submitted two names to the Commissioners, i.e., David and Donald Clark (Clark) (Complaint, paragraph 7); that David was the MH/MR Administrator since May 25, 1978, when, on October 19, 1989, effective October 20, 1989, and seven months after the MH/MR Board submitted David's and Clark's names to the Commissioners, the

1. Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §§ 4101–4704.

Commissioners voted to terminate David and appointed Clark (Complaint, paragraph 8).

David claims, in his complaint, that the Commissioners were mandated by Section 304 of the MH/MR Act to make an appointment of a MH/MR Administrator within 30 days of submission of a list of candidates and on failure to do so, the Secretary is mandated to make the appointment, which both failed to do; it is further claimed that the Commissioners utilized an "illegal process and/or procedure" in removing David and appointing Clark as Administrator. David also claims that the appointment of Clark by the Commissioners was in contravention of Section 304 of the MH/MR Act and an ultra vires act, and that he has been damaged "by the loss of opportunity to be considered by the Secretary ... for appointment as Administrator," and "has been damaged by the loss of employment, wages, benefits, reputation and has suffered emotional distress."

David asserting he has a special interest, as distinguished from the general public, in that he has been illegally removed from his position of MH/MR Administrator sought the following relief:

a. that this Court vacate as an ultra vires act, the October 19, 1989, appointment of Clark;

b. that this Court order the Secretary to make an appointment to the position of MH/MR Administrator;

c. such other and further relief as may be necessary and appropriate.

The Secretary and the Commissioners filed preliminary objections to the second amended complaint in the nature of a demurrer claiming that David had failed to allege facts sufficient to state a claim upon which relief may be granted.

This Court, by Lehman, S.J., on July 16, 1990, entered an order dismissing the preliminary objections and filed a supporting memorandum.[2]

2. Judge Lehman, in his memorandum, wrote:
   In order to sustain a demurrer raising failure to state a cause of action, the Court must find that the plaintiff's claim cannot be

After the pleadings were completed, the case was tried, without a jury, on April 10, 1991. David called, as his only witness, Reverend Walter Darwin Collins (Collins) who testified that in 1989 he was a member of and the president of the MH/MR Board and also president of its executive committee. Collins testified that while he was on sabbatical leave in the fall of 1988, the Commissioners contacted Mr. Hustead, Vice President of the MH/MR Board to begin the process for interviewing for the position of MH/MR Administrator. (Tr. 6.) Mr. Hustead had begun the process by placing "ads" in the newspapers [3] soliciting applicants for the position. (Tr. 7.) The directive given to the MH/MR Board by the Commissioners was to seek out the most qualified candidate. (Tr. 7.) Forty-seven (47) applications were received by the MH/MR Board; twenty-four (24) of the applications were deemed to be suitable to invite for an interview; out of the twenty-four (24), eight (8) accepted the invitation to be interviewed. Following these interviews in January of 1989, four (4) of the eight (8) were invited for a second interview, which was held on February 7, 1989. (Tr. 6.) Thereafter, the executive committee voted to submit two (2) of the four (4) names to the full MH/MR Board which was done on February 15, 1989. The MH/MR Board accepted the recommendation of the two (2) names submitted by the executive committee. (Tr. 10.) The MH/MR Board on February 17, 1989 recommended David and Clark to the Commissioners. (Tr. 12, 13.)

David was the MH/MR Administrator at all the foregoing times and continued in that office after his and Clark's

sustained and the law will not permit recovery accepting as true all well-pled facts and inferences raised by plaintiff. *Association of Pennsylvania State Colleges [College] and University Facilities [Faculties] v. Commonwealth,* 44 Pa.Commonwealth Ct. 193, 403 A.2d 1031 (1976 [1979]).

Although the remedy of mandamus requires a clear legal right in the plaintiff and corresponding duty in the defendant to perform a ministerial act, *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985), this Court cannot say that, accepting as true all well-pled facts, the law will not permit the relief requested.

3. Advertising for applicants was placed in the local Uniontown newspaper, the Pittsburgh Press, and the Harrisburg papers. (Tr. 6.)

names were submitted to the Commissioners. (Tr. 21, 22.) David was removed by the Commissioners as MH/MR Administrator on October 19, 1989 (Tr. 23, 30) and Clark was appointed MH/MR Administrator on October 19, 1989. (Tr. 30.)

David neither presented any other witness nor any other evidence to support his claim. The Commissioners and the Secretary moved for a compulsory nonsuit which was granted.[4]

David filed a timely motion for post-trial relief to remove the compulsory nonsuit. David raised only two issues in his post-trial relief motion for the removal of the compulsory nonsuit: (1) The trial court incorrectly granted respondents' compulsory nonsuit after respondents offered evidence into the record, and (2) The trial court incorrectly granted respondents' compulsory nonsuit where the court had previously denied respondents' preliminary objection in the nature of a demurrer, based on identical factual evidence.

█ David argues, in his brief in support of his post-trial motion, that the Commissioners and the Secretary offered evidence "into the record", thus precluding the grant of a compulsory nonsuit. In his brief, David states, "on March 28, 1991 the Secretary and the Commissioners signed and submitted as evidence to this Court the above-mentioned factual stipulation. The March 28, 1991 stipulation contained factual evidence which was presented to the Court *before* (emphasis added) the April 10, 1991 evidentiary hearing.... On April 10, 1991, in his opening remarks to the court, David informed the Court that the parties had submitted the above-mentioned factual stipulation."

The docket of this case reveals an entry on March 28, 1991 as follows: "Stipulation by the counsel for the parties, filed." There is no indication on the docket as to the nature or content of the stipulation filed. Contrary to David's assertion that the Court was informed of the submitted

---

**4.** The motion, after argument, was granted orally, and was reduced to writing in the form of an order on the same date, April 10, 1991, and filed of record.

stipulation in his opening remarks, the transcript of the proceeding before the trial court not only fails to contain any opening remarks by David, but there is no mention of any stipulation before the calling and examination of Collins. Additionally, the notes of testimony fail to reveal that David either offered into evidence or read into evidence, as to be a part of the trial record, the alleged "factual stipulation."

A stipulation does not become evidence in a case unless it is offered and received into evidence in a proceeding to determine the facts of the controversy. Since the alleged "factual stipulation" was not entered into the evidence at the trial herein, the trial court properly did not consider it.

■ David further states in his brief: "The Secretary and the Commissioners *also read into the evidentiary record* (emphasis added), in support of their motion for compulsory nonsuit, excerpts from the Pennsylvania Code at 55 Pa.Code § 4200.31(c) and the Mental Health Mental Retardation Administrator Appointment statute at 50 P.S. § 4304. (April 10, 1991 hearing transcript)," thus precluding the grant of a compulsory nonsuit.

David cites the April 10, 1991 hearing transcript to establish the foregoing assertion. Significantly, he does not state at which page or pages this appears in the transcript.[5] Our search and review of the transcript of the evidentiary hearing of April 10, 1991 fails to reveal such reading of the regulations or statute into evidence by either the Commissioners or the Secretary. Assuming, arguendo, they did, such would not be factual evidence and the reading thereof into the trial record would not, of itself, preclude the grant of a compulsory nonsuit.

5. It is inappropriate for counsel to reference only the trial transcript by date without referencing the page number. We caution counsel that in the future, where reference is not made to specific page(s) of the transcript of the trial proceedings for evidence used to support his/her argument in the brief, we will not search the transcript of the trial to find such evidence, but will dismiss such argument without consideration.

■ David further argues that the Secretary and the Commissioners introduced evidence into the record during cross-examination of his witness. David relies on *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978), for the proposition that where the defendant exceeds the proper bounds of cross-examination so as to elicit matters constituting a defense to a cause of action, the trial court is without authority to enter a nonsuit. David contends that the Secretary and the Commissioners elicited from Collins on cross examination the following "information and matters: 1. whether the Petitioner had vacated the position at issue, 2. whether the position at issue was vacant at the time of the termination of David and the appointment of Donald Clark, 3. Petitioner never requested the Secretary to appoint an administrator from the names submitted by the MH/MR Board between February 17, 1989 and October 13, 1989, 4. the Secretary never intervened in the appointment process initiated by the Commissioners on October 13, 1988, 5. and other information and matters which were beyond the scope of Plaintiff's direct examination. (April 10, 1991 hearing transcript)."

Our review of the transcript fails to reveal any "information and matters" elicited on cross-examination by either the Secretary or the Commissioners relating to items 1, 2, 3, 4 and 5.[6]

David has failed to demonstrate from the transcript any cross-examination of Collins, by either the Secretary or the Commissioners, which was beyond the scope of his direct testimony as to constitute the introduction by the defendants of evidence in defense of David's claim.

■ David next argues that the dismissal of the preliminary objections in the nature of a demurrer to the second amended complaint precludes the trial court from granting a compulsory nonsuit. David argues, "[I]nasmuch as the Respondents stipulated to the same facts alleged in the

---

**6.** Significantly, David does not reference the page or pages of the transcript in his brief as to where such "information and matters" appear.

Petitioners Second Amended Complaint in Mandamus, which were deemed sufficient by the Court to deny the Respondents' demurrer, and the legal standard for a motion for compulsory nonsuit is the same as for a demurrer, the sufficiency of the Petitioner's facts to state a cause of action had already been determined by this Court. Therefore, if the factual allegations of the Petitioner's Second Amended Complaint were not subsequently contradicted or disproven by additional evidence, the Court was incorrect in granting Respondents' Motion for Compulsory Nonsuit." David cites no authority for the foregoing statement.

At the time a preliminary objection in the nature of a demurrer is filed to a complaint, the only thing before the court is the complaint and the preliminary objection. The court is to determine the demurrer solely by accepting only the factual allegations of the complaint and legitimate inferences therefrom as being true. A demurrer is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. *Del Boring Tire Service, Inc. v. Barr Machine, Inc.*, 285 Pa.Superior Ct. 66, 426 A.2d 1143 (1981). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. *Barto v. Felix*, 250 Pa.Superior Ct. 262, 378 A.2d 927 (1977). In ruling on a demurrer, the court may consider only such matters as arise out of the complaint itself and cannot supply a fact missing in the complaint. *Linda Coal and Supply Co. v. Tasa Coal Company*, 416 Pa. 97, 204 A.2d 451 (1964). Any doubts as to whether a demurrer should be sustained should be resolved against the moving party. *Department of Environmental Resources v. Peggs Run Coal Co.*, 55 Pa.Commonwealth Ct. 312, 423 A.2d 765 (1980). The question presented by a demurrer is whether, on the facts averred in the complaint, the law says with certainty that no recovery is possible. *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983).

Where preliminary objections are dismissed, pleading to the complaint, and such other appropriate pleadings may follow, consistent with the rules of civil procedure. When the pleadings are complete, the claim asserted in the complaint and developed by the pleadings is ready for trial. At trial, it is the burden of the plaintiff to present evidence of each and every element of the claim asserted either by way of witnesses, stipulations, exhibits, admissions, either from the pleadings or discovery, or from some other proper source. When the plaintiff has presented all of his evidence the adverse party has the right to challenge the sufficiency of plaintiff's evidence to make out the claim asserted by an oral motion to the trial judge for a compulsory nonsuit.

A request for compulsory nonsuit allows the defendant to test the sufficiency of the plaintiff's evidence at trial on the merits. *Razumic*, 480 Pa. 366, 390 A.2d 736. A judgment of nonsuit is properly entered if a plaintiff has not introduced sufficient evidence to establish the elements necessary to maintain an action. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977); *Storm v. Golden*, 371 Pa.Superior Ct. 368, 538 A.2d 61 (1988), *appeal denied*, 524 Pa. 630, 574 A.2d 71 (1989). The trial judge considers only the evidence presented at trial and does not and may not consider any of the prior pleadings and rulings made thereon.

David raised in his post-trial motion and in his brief argued that the trial court committed error in granting the compulsory nonsuit for two (2) reasons: (1) the Secretary and Commissioners, over the objection of David, introduced evidence in their behalf in the cross examination of Collins, and (2) Judge Lehman had previously determined the complaint stated sufficient facts to withstand a demurrer thus precluding a grant of a nonsuit at trial.

David neither raised in his post-trial motion nor argued in his brief that he, in fact, presented sufficient evidence to withstand the motions of the Secretary and Commissioners for a compulsory nonsuit. Since there is no merit in the issues raised and argued by David, his motion for post-trial relief will be denied.

## ORDER

AND NOW, this 22nd day of October, 1991, it is ORDERED that Rabbi Sion A. David's motion for post-trial relief is denied.