**CATHOLIC HEALTH INITIATIVES,**
Petitioner,

v.

**HEATH FAMILY CHIROPRACTIC,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1998.

Decided Nov. 13, 1998.

Rebecca L. Dillon, Lancaster, for petitioner.

No appearance entered for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Catholic Health Initiatives (Employer) petitions for review of a March 19, 1998 decision and order of a Medical Fee Review Section Hearing Officer. The Hearing Officer concluded that Employer was estopped from denying liability for payment of medical services provided to Brian Stipes (employee) and that Employer violated Section 306(f.1)(5) of the Workers' Compensation Act (Act) [1] by failing to promptly pay or deny liability for medical bills submitted by Heath Family Chiropractic (Provider). We reverse.

On January 10, 1997, Provider filed an Application for Fee Review (LIBC–507) requesting review of the timeliness of payment of bills for services rendered to the employee from April 12, 1996 through August 15, 1996. On April 21, 1997, the Medical Fee Review Section of the Bureau of Workers' Compensation (Bureau) issued an administration decision determining that Employer had been untimely in its payment of medical bills and granting interest on those bills from the date payment of each was due. Employer contested the decision and the application was assigned to a Bureau Hearing Officer.

At the December 3, 1997 hearing, Provider testified that the employee first came to his office on January 9, 1996, at which time the employee advised Provider that he had suffered a work-related injury and was currently treating in-house at St. Joseph's Hospital (part of Employer's health care system). Provider testified that the employee returned to him for treatment in April of 1996, after waiting ninety days as required by the Act.[2] Employer objected that statements made by the employee to Provider were hearsay, but the Hearing Officer overruled the objection, finding that the employee's statements were made for the purpose of obtaining medical treatment and thus constitute an exception to the hearsay rule.

Provider testified that he submitted bills and office reports to Employer on a number of occasions to different addresses. Provider testified that he had several conversations with Employer's representatives who requested copies of his bills. Provider testified that he was finally informed, in December of 1996, that Employer was denying liability for the claim.

Employer presented affidavits from two individuals for the purpose of demonstrating that it did not receive bills from Provider until December of 1996 and that it had informed Provider it was denying liability for the claim within the thirty-day limit set forth at Section 305(f.1)(5) of the Act and the regulations at 34 Pa.Code § 127.208–209. Employer also argued that the medical cost containment regulations are not applicable to this case, because Employer denied that the employee suffered a work-related injury.

The Hearing Officer accepted Provider's testimony as credible and found that Provider first submitted his bills and medical reports to Employer on August 21, 1996 and did not receive a notice of compensation denial from Employer until December of 1996. The Hearing Officer acknowledged that, under the Act: 1) a claimant's medical expenses

1. Act of June 2, 1915, P.L. 736 as amended, 77 P.S. § 531(5).

2. Section 306(f.1)(I) requires an employee to visit an employer-designated health care provider for a period of ninety days. 77 P.S. 531(1)(i).

must be causally related to a work injury in order to be compensable; 2) an employer may deny liability for medical expenses, asserting a lack of causal relationship to a work injury, without first filing a petition before a workers' compensation judge; and 3) the medical fee review process presumes that the underlying medical treatment is for work-related injuries. However, the Hearing Officer found that Employer's conduct was in bad faith and served to reinforce Provider's legitimate presumption that treatment was rendered pursuant to the Act, so that Employer was estopped from retroactively denying liability for the employee's medical expenses. The Hearing Officer concluded that Employer failed to comply with the requirements of Section 306(f.1)(5) of the Act and the provisions of 34 Pa Code § 127.209 and ordered Employer to reimburse Provider for the medical bills, with interest.

Employer filed a petition for review with this Court and requested supersedeas, which was granted by this Court's order dated May 7, 1998. On appeal,[3] Employer argues that the Hearing Officer erred in ordering Employer to pay the employee's medical bills where Employer denied liability for a work-related injury and there has been no determination of liability by a workers' compensation judge.[4]

■ Under the Workers' Compensation Act, in order for an employer to be liable for an employee's medical treatment, the treatment must be causally connected to the employee's work-related injury. *Kurtiak v. Workmen's Compensation Appeal Board (Western Sizzlin' Steak House)*, 160 Pa. Cmwlth. 637, 635 A.2d 732 (Pa.Cmwlth.1993). It is the employee's burden to establish the necessary causal connection. *Id.*

■ Section 306(f.1)(5) of the Act requires that "[a]ll payments to providers for treatment *provided pursuant to this act* shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph 6." 77 P.S. § 531(5) (emphasis added). The plain language of Section 306(f.1)(5) reflects that the thirty-day limit applies only to medical expenses incurred for the treatment of a work-related injury.

The medical cost containment regulations (34 Pa.Code Chapter 127) were enacted to implement those sections of the Act that relate to payments made by insurers *"for medical treatment ... provided to employees with work-related injuries and illnesses."* 34 Pa.Code § 127.1 (emphasis added). The regulations provide that the Bureau will return applications for fee review as prematurely filed by a provider where the insurer denies liability for the alleged work injury. 34 Pa.Code § 127.255.

■ Clearly, the fee review process presupposes that liability has been established, either by voluntary acceptance by the employer or a determination by a workers' compensation judge. If the employer does not voluntarily accept liability, then the proper course is for the employee to file a claim petition, even if the claim is limited to reimbursement for medical bills. *See e.g., Jackson Township Volunteer Fire Co. v. Workmen's Compensation Appeal Board (Wallet)*, 140 Pa.Cmwlth. 620, 594 A.2d 826 (Pa. Cmwlth.1991). The medical cost containment regulations were not intended to allow providers to litigate the issue of an employer's liability in cases where the employee has not elected to do so.

■ The Hearing Officer erred as a matter of law in concluding that Employer was estopped from denying liability for the employee's medical treatment. Neither the Act nor the medical cost containment regulations provide any authority for a Hearing Officer to decide the issue of liability in a fee review proceeding. In addition, neither the

3. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Pursuant to this Court's order dated September 17, 1998, Provider was precluded from filing a brief on appeal.

Act nor the regulations provide for the automatic imposition of liability based on an employer's failure to promptly pay or promptly deny payment for medical expenses.

Finally, we observe that Section 306(f.1)(2) of the Act, 77 P.S. § 531(2), requires a provider who treats an injured employee to file periodic medical reports to the employer, using form LIBC–9, within ten days of commencing treatment and at least once a month thereafter. This section further provides that the employer is not liable to pay for such medical treatment until this form has been filed. In the present case, the record includes only one medical report form (LIBC–9), which was not completed by Provider until January 6, 1997. Thus, even if liability for a work-related injury had been established, the record would not support a determination that Employer's obligation to pay for the employee's medical treatment arose in August of 1996.

Accordingly, the order of the Hearing Officer is reversed.

*ORDER*

NOW, Nov. 13, 1998, the order of the Hearing Officer in the above matter is reversed.