**CROZER CHESTER MEDICAL CENTER, Petitioner**

v.

**DEPARTMENT OF LABOR AND INDUSTRY BUREAU OF WORKERS' COMPENSATION HEALTH CARE SERVICES REVIEW DIVISION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued July 21, 2008.

Decided July 28, 2008.

Publication Ordered Sept. 3, 2008.

Howard R. Maniloff, Philadelphia, for petitioner.

Thomas P. Howell, Asst. Counsel, Harrisburg, for respondent.

OPINION BY Judge COHN JUBELIRER.

The Department of Labor and Industry, Bureau of Workers' Compensation (Department) filed Preliminary Objections to the Mandamus Complaint (Complaint) of Crozer Chester Medical Center (CCMC)

and CCMC filed Preliminary Objections to the Department's Preliminary Objections. After argument conducted telephonically with counsel for both sides on July 21, 2008, this matter is ready for disposition by the Court.

The Complaint filed by CCMC states in relevant part that:

4. On December 28, 2005, William Radel (hereinafter "Radel") allegedly sustained an umbilical hernia while lifting a bundle of rebar in the course and scope of his employment for Re–Steel Supply Company, Inc. (hereinafter "Re–Steel").

5. On January 12, 2006, Re–Steel's worker's compensation insurer, Zurich North American Insurance Company (hereinafter "Zurich") (by and through its administrator, Gallagher Bassett Services, Inc.), issued a medical only Notice of Compensation Payable in which it voluntarily accepted liability for the umbilical hernia that Radel sustained on December 28, 2005. A true and correct copy of said Notice of Compensation Payable is attached hereto as Exhibit "A."

6. Upon information and belief, neither Re–Steel nor Zurich thereafter filed a petition to modify or terminate said Notice of Compensation Payable.

7. On February 24, 2006, CCMC surgically repaired the umbilical hernia for which Zurich accepted liability in its January 12, 2006 Notice of Compensation Payable. Attached as Exhibit "B" is a true and correct copy of CCMC's UB–92 showing the charges incurred as a result of said medical treatment.

8. In accordance with 34 Pa.Code §§ 127.201, 127.203, on March 20, 2007, CCMC submitted said UB–92, a medical report (LIBC–9) form, and medical records to Zurich.

9. In violation of 34 Pa.Code § 127.208, within thirty-three (33) days after said submission, Zurich neither paid CCMC's bill nor did it issue a denial of payment.

10. As a result, in accordance with 34 Pa.Code §§ 127.251–127.253, on May 23, 2007, CCMC filed Application for Medical Fee Review # 149176 with defendant.

11. On March 31, 2008, defendant rejected said application without making an administrative decision on the merits, asserting that the application was premature because "[t]here is an outstanding issue of liability/compensability for the alleged injury." Attached as Exhibit "C" is a true and correct copy of said correspondence.

12. Since there is an open Notice of Compensation Payable with respect to the specific injury for which CCMC treated Radel, Zurich voluntarily accepted liability for Radel's December 28, 2005 injury. Accordingly, defendant's assertion that the application is premature within the meaning of 34 Pa.Code § 127.255(a) is incorrect.

13. Because defendant did not issue an administrative decision on the merits, on April 11, 2008, defendant's Medical Fee Review Hearing Office refused to accept CCMC's request for a de novo administrative fee review hearing pursuant to 34 Pa.Code § 127.257. Attached as Exhibit "D" is a true and correct copy of defendant's correspondence rejecting said request.

14. Despite the existence of an open Notice of Compensation Payable for the injury to which CCMC treated Radel, defendant has denied CCMC the opportunity to pursue its administrative remedies to enforce Zurich's obligation to pay for the medical care that CCMC rendered to Radel.

15. Further, because an open Notice of Compensation Payable exists, CCMC may be unable to seek payment from Radel or his health insurer. *See* 34 Pa.Code § 127.211(a).

16. Moreover, if Radel has no personal liability to CCMC, he has no reason to take action to enforce Zurich's medical only NCP.

17. Defendant's refusal to render an administrative decision on the merits and its refusal to entertain CCMC's request for a de novo hearing deprives CCMC of its property rights in violation of the due process clauses of the constitutions of Pennsylvania and of the United States.

WHEREFORE, [CCMC] demands a decree directing defendant to render an administrative decision on the merits of Application for Medical Fee Review # 149176 within thirty (30) days.

(Complaint ¶¶ 4–17.)

■■■ The Department filed Preliminary Objections to CCMC's Complaint. The Department's first two objections are in the nature of demurrers,[1] arguing that the facts which CCMC pleads do not establish a clear right to relief and seek to compel the Department to perform a discretionary act. The Department also argues that the insurer, Zurich North American Insurance Company (Zurich), is an indispensible party to the litigation, but has not been joined.

■■■ CCMC filed a preliminary objection to the Department's preliminary objections. CCMC argues that the Department improperly attached exhibits[2] to its preliminary objections and that these exhibits, if not the Department's preliminary objections in their entirety, must be stricken. In considering the Department's preliminary objections in the nature of demurrer, this Court must assume that all facts pleaded in the Complaint are true and may not supply facts outside the complaint. *David v. Commonwealth*, 143 Pa.Cmwlth. 161, 598 A.2d 642, 646–47 (1991). Therefore, we grant CCMC's preliminary objection to the extent that we will not consider the exhibits appended to the Department's preliminary objections in reaching our decision.

The Department's first argument is that, even if the facts pleaded by CCMC are true,.they fail to show that there was no dispute as to Zurich's liability, and that a fee review is, therefore, appropriate. Moreover, the Department argues that if this Court gives CCMC the relief it seeks, a writ compelling the Department to consider CCMC's fee application, this Court would be ordering the Department to do something its regulations forbid: to process a fee review application despite a dispute as to liability. Therefore, the Department argues that CCMC has no clear right to relief. Similarly, the Department argues that in order to process the applica-

---

1. When presented with a preliminary objection in the nature of a demurrer, this Court must:

 [A]ccept as true all well-pleaded facts in the complaint and all reasonable inferences drawn from those facts and then determine whether the facts pleaded are legally sufficient to permit the action to continue. To sustain the preliminary objection, it must appear with certainty that the law permits no recovery, and all doubt must be resolved in favor of refusing to sustain the objection.

*Fordham v. Department of Corrections*, 943 A.2d 1004, 1006 n. 2 (Pa.Cmwlth.2008) (citation omitted).

2. The Department attached to its preliminary objections: 1) a letter from a WC Claim Adjuster to CCMC stating that WC benefits for the claim had been denied; 2) 2 faxes from a WC Claim Adjuster to CCMC stating that WC benefits had been denied; 3) a Notice of Compensation Denial dated 2/15/06.

tion for fee review as CCMC wishes, it would have to make credibility determinations or legal judgments, weighing an insurer's denial of liability against filings in the Department's records.

CCMC argues that there is no dispute as to liability because Zurich issued a medical only Notice of Compensation Payable (NCP). CCMC argues that the NCP constitutes a binding admission of liability, and that Zurich has not taken any step to retract this admission, such as a petition to modify or terminate benefits. CCMC argues that, because the NCP is still open, there is no dispute that Zurich is liable, despite any protestation or statement it might make to the contrary.

 We initially note that "mandamus is an extraordinary remedy designed to compel official performance of a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a lack of any other adequate and appropriate remedy at law." *Luke v. Cataldi*, 883 A.2d 1114, 1116–17 (Pa.Cmwlth.2005). Importantly, mandamus may not compel a discretionary act. *Collins v. Department of Corrections*, 848 A.2d 1026, 1028 n. 6 (Pa.Cmwlth.2004). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Africa v. Horn*, 701 A.2d 273, 275 (Pa.Cmwlth.1997).

 Under Section 306(f.1)(5) of the Workers' Compensation Act (Act),[3] an insurer must generally pay a claimant's medical expenses within 30 days of being presented with bills and records for the treatment. Where such payment is not made, a medical service provider who has not been paid can file an application for fee review with the Department. 77 P.S. § 531(5); 34 Pa.Code § 127.251–.252. The Department's regulations, at 34 Pa.Code § 127.255(1), state that an application for fee review is premature and will be returned if "[t]he insurer denies liability for the alleged work injury." 34 Pa.Code § 127.255(1). The reason that the Department will not entertain fee review applications where the insurer denies liability is because there is no authority "for a Hearing Officer to decide the issue of liability in a fee review proceeding." *Catholic Health Initiatives v. Heath Family Chiropractic*, 720 A.2d 509, 511 (Pa.Cmwlth.1998). This Court has held that "the fee review sections of the Act were not intended, and will not now be held to permit, the determination of liability as to a particular injury treatment under the Act." *Allen v. Proto Home Improvements*, 847 A.2d 225, 228 (Pa.Cmwlth.2004). Therefore, where there is an issue as to liability, the Department may not proceed.[4]

As stated in CCMC's Complaint, the Department refused to accept the fee review application because "[t]here is an outstanding issue of liability/compensability for the alleged injury." (Compl. ¶ 11 (quoting Letter from Eileen K. Madigan, Chief of Department's Health Care Services Review Division to Howard R. Maniloff, Esq., counsel for Zurich (March 31, 2008), attached as Exhibit C to Complaint).). CCMC's argument is, essentially, that because it avers that there is "an open Notice of Compensation Payable with respect to the specific injury for which CCMC treated Radal [sic]," (Complaint ¶ 12), the Department must accept its ap-

---

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(5).

4. We note that a claimant is not a party in a fee review dispute. This is another reason

why any disputes over liability, which can have effects on a claimant beyond the fee dispute at issue, are not decided in this forum.

plication because Zurich's denial of liability is not consistent with the Act.

However, as both parties acknowledged at argument, an administrative fee review is not the proper venue for the determination of an employer's liability for a work-related injury. As this Court stated in *Catholic Health Initiatives:*

> [T]he fee review process presupposes *that liability has already been established,* either by voluntary acceptance by the employer or a determination by a workers' compensation judge. *If the employer does not voluntarily accept liability, the proper course is for the employee to file a claim petition,* even if the claim is limited to reimbursement for medical bills.[5] The medical cost containment regulations were not intended to allow providers to litigate an issue of an employer's liability in cases where the employee has not elected to do so.

*Catholic Health Initiatives,* 720 A.2d at 511 (emphasis added) (citation omitted). CCMC attempts to distinguish this language in *Catholic Health Initiatives,* arguing that by issuing a NCP, Zurich has "voluntarily accepted liability." From Exhibit C to the Complaint, and the language quoted from it in paragraph 11 of CCMC's Complaint, it is clear that the Department determined that Zurich was disputing its liability for the injury. As the multiplicity of this Court's opinions in the area of

Workers' Compensation demonstrates, the issue of whether an employer or insurer is liable for an injury is not always clear. CCMC, in effect, argues that when an insurer's denial of liability appears to violate the Act, the Department should be required to make a determination. We disagree. The determination of whether an insurer is liable for an injury requires the exercise of legal judgment and may in some cases require determinations as to credibility. For example, in this case, CCMC argues that the Insurer's denial of liability violates the Act because of the NCP and that the Department should therefore not permit Zurich to deny liability. However, this requires the Department to evaluate the NCP that Zurich issued, Zurich's denial, and any other relevant documentation and evidence, and make a legal determination. Thus, CCMC is not attempting to enforce a right which has been established beyond peradventure, but is seeking to have this Court direct the Department to determine the issue of liability in CCMC's favor. Neither Section 306(f.1)(5) or the Department's regulation at 34 Pa.Code § 127.255(1) imposes on the Department a duty to determine an insurer's liability, even if it seems clear to a provider. Rather, they forbid the Department from conducting a fee review when an insurer denies liability. For all of these reasons, CCMC's Complaint fails to plead a legally cognizable claim in mandamus

---

**5.** The proper resolution of a situation where an insurer refuses to pay bills for treatment of a compensable injury is for the claimant to file a claim petition or penalty petition. While CCMC avers in its Complaint that it *"may* be unable to seek payment from Radel," (Complaint ¶ 15 (emphasis added)), we note that, the Act states that "[a] provider shall not hold an employe liable for costs related to care or service rendered in connection with a *compensable* injury under [the Act]." 77 P.S. § 531(7). It follows that if Radel's injury is *not* compensable, then CCMC may hold him

liable for the costs of his treatment. CCMC additionally avers that, "if Radel has no personal liability to CCMC, he has no reason to take action to enforce Zurich's medical only NCP." (Complaint ¶ 16.) We note that if Radel were to file a petition claiming that Zurich had failed to pay the required benefits under the NCP, he could be paid penalties up to ten percent of the amount awarded. Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i). This gives Radel some incentive to pursue his claim.

and we sustain the Department's Preliminary Objections.[6]

### ORDER

NOW, July 28, 2008, the Preliminary Objections of Crozer Chester Medical Center to the Preliminary Objections of the Department of Labor and Industry, Bureau of Workers' Compensation, Health Care Services Review Division (Department) are **SUSTAINED** in part, to the extent that we have not considered the exhibits appended to the Department's Preliminary Objections in reaching our decision; the Preliminary Objections of the Department in the nature of demurrer are **SUSTAINED** and this matter is **DISMISSED.**

---

**6.** Because of our disposition of this case, we need not discuss the remaining preliminary objections.