**Detwiler v. Larsen**

*Hanna-Aurelia Dunlap,* for plaintiffs.
*J.T. Herber III,* for defendant.

SCHMEHL, J.L., *P.J.,* February 25, 2009—This matter arose from a breach of contract, breach of warranties, fraud and unfair trade practice action, wherein plaintiffs/

appellants Gary R. Detwiler and Diana Detwiler alleged that in 2006, defendant/appellee Jason Larsen t/d/b/a American Remodeling installed defective windows in plaintiffs' home. Plaintiffs claimed that this work was done pursuant to a written contract signed by themselves and defendant in 2006 (the contract). In their March 6, 2008 complaint, plaintiffs also alleged that the defendant knew or should have known of the defect in the product, had substandard workmanship, and that defendant's attempts to correct the problem were ineffective. Additionally, plaintiffs referenced the "Starmark" manufacturer's warranty that plaintiffs signed at the time of the contract. Finally, plaintiffs alleged that their home had been rendered cold and drafty as a result of the faulty windows.

Defendant filed preliminary objections to plaintiffs' complaint, and supporting brief, on April 21, 2008. The basis of defendant's objections was grounded in the fact that Jason Larsen the individual was not a party to the contract between plaintiffs and defendant. Instead, the party to the contract with plaintiffs was the corporation of American Remodeling and Roofing Inc., a Pennsylvania corporation which traded under the fictitious name "American Remodeling." Because it was the corporation which signed the contract with plaintiffs, the defendant alleged that plaintiffs did not assert a cause of action upon which relief could be granted against Jason Larsen. Further, defendant indicated that the Starmark warranty plaintiffs signed was a warranty provided by and entered into with the window manufacturer Starmark, and not American Remodeling.

Defendant also argued that the fraud and unfair trade practice claims of plaintiffs' complaint were insufficient,

in that plaintiffs had not pled facts which could support the elements of either claim. Similarly, defendant asserted that plaintiffs did not allege sufficient facts to justify an award of punitive damages. Finally, defendant raised improper venue, pointing to the forum selection clause in the contract, which provided that any action be brought in Schuylkill County, and insufficient pleading, along with a motion to strike impertinent matter.

Plaintiffs filed preliminary objections of plaintiffs to preliminary objections of defendants, and supporting brief, on May 22, 2008, the former of which were later overruled by the court. Plaintiffs argued that defendant's preliminary objections should be dismissed or stricken because: defendant endorsed them with a notice to plead in violation of law and rule of court; defendant failed to comply with local Rules of Civil Procedure; and that the preliminary objections should be overruled because they had no merit.

Plaintiffs filed answers to preliminary objections on May 27, 2008, in which plaintiffs asserted that the complaint was not legally insufficient, set forth valid claims against defendant, stated a valid cause of action against defendant, stated a valid claim for breach of various warranties, stated a valid fraud claim against defendant, stated a valid claim against defendant under Pa. UTP-CPL, and properly included treble damages. Further, plaintiffs said that venue was proper in Berks County.

Defendant filed answers to plaintiffs' preliminary objections to defendant's preliminary objections on June 9, 2008, along with a supporting memorandum. In defendant's answers and memorandum, defendant held three positions: it was proper for Jason Larsen to endorse

his preliminary objections with a notice to plead, because one of his objections raised "improper venue"; plaintiffs' preliminary objections alleging a violation of Berks County Rules of Civil Procedure should be dismissed as moot, as the court had already addressed this issue; and plaintiffs' preliminary objections based upon alleged "lack of merit" should be overruled as no such objection existed.

On June 30, 2008, this court entered an order which overruled plaintiffs' preliminary objections to the defendant's preliminary objections, and ordered the plaintiffs to file an answer to the defendant's preliminary objections. On July 21, 2008, plaintiffs filed a revised answer to defendant's preliminary objections, accompanied by a supporting brief. In these answers and brief, plaintiffs claimed that: defendant's demurrers should be overruled because plaintiffs clearly stated valid claims against defendant; defendant's preliminary objection to venue should be overruled because plaintiffs are Berks County residents; defendant's preliminary objection alleging insufficient specificity of the pleading should be overruled because the complaint was sufficiently detailed to enable defendant to defend against plaintiffs' claims; and defendant's preliminary objection which moved to strike impertinent matter should be overruled because plaintiffs' facts pled in their complaint were pertinent.

This court heard arguments by both parties at a hearing on defendant's preliminary objections, and plaintiffs' answers thereto, on September 2, 2008. On September 22, 2008, after hearing held, this court entered an order sustaining defendant's preliminary objections, and dis-

missing plaintiffs' complaint for failing to set forth a cause of action against Jason Larsen.

Subsequently, plaintiffs filed a notice of appeal on October 22, 2008, appealing this court's September 22, 2008 order. Plaintiffs filed a concise statement of matters complained of on appeal on November 6, 2008. In plaintiffs' concise statement, the sole argument made was that "plaintiffs believe that the court erred on the law because if plaintiffs' factual allegations are admitted as true, as is proper in the context of a demurrer, those allegations would, in fact, support a finding of defendant's personal liability."

It is well-settled law that in considering a preliminary objection in the nature of a demurrer to a complaint, a court must accept as true all well-pleaded facts and allegations in the complaint and all reasonable inferences drawn from those facts and then determine whether the facts pleaded are legally sufficient to permit the action to continue. *Crozer Chester Medical Center v. Department of Labor and Industry,* 955 A.2d 1037, 1040 n.1 (Pa. Commw. 2008), citing *Fordham v. Department of Corrections,* 943 A.2d 1004, 1006 n. 2 (Pa. Commw. 2008). A court "reviewing preliminary objections may not only consider the facts pled in the complaint, but also documents or exhibits attached to it." *Lawrence v. Pennsylvania Department of Corrections,* 941 A.2d 70, 71 (Pa. Commw. 2007) citing *Diess v. PennDOT,* 935 A.2d 895 (Pa. Commw. 2007). Furthermore, when any claim or defense is based upon a written agreement, such as the contract in this case, a plaintiff must attach a copy of the writing to the complaint. Pa.R.C.P. 1019(i). In considering defendant's preliminary objec-

tions, this court did accept as true all factual allegations made in plaintiffs' complaint, and considered the documents attached to the complaint, which included the contract at issue.

Preliminary objections in the nature of a demurrer should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to set forth a valid cause of action. *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa. Super. 2008). Plaintiffs' case is predicated upon breach of contract. In a claim for breach of contract, there are three necessary elements: the existence of a contract, including its essential terms; a breach of duty imposed by the contract; and resultant damages. *Omicron Systems Inc. v. Weiner,* 860 A.2d 554, 564 (Pa. Super. 2004).

It is fundamental, also, that under contract law, one cannot be liable for a breach of contract unless one is a party to that contract. *Electron Energy Corp. v. Short,* 408 Pa. Super. 563, 567, 597 A.2d 175, 177 (1991). In that case, with facts very similar to the one at hand, a breach of contract action was brought against a heating and cooling system company, and the company's president was found personally liable for the breach of contract. *Id.* The Superior Court, however, found that the company president should not have been held liable, when he as an individual was not a signatory to the contract, and the suit was for breach of contract. *Id.*

It is well-established law in Pennsylvania that the corporate form provides limited liability, and separates the risks and assets of a corporation from those of its managers. A corporation shall be regarded as an independent entity even if its stock is owned entirely by one

person. *College Watercolor Group Inc. v. William H. Newbauer Inc.,* 468 Pa. 103, 116, 360 A.2d 200, 207 (1976). Where a party enters into a contract with a corporation, the breach of the contract is the breach of a promise made by the corporation, and not the breach of any promise extended by the corporate officer. *Loeffler v. McShane,* 372 Pa. Super. 442, 448, 539 A.2d 876, 879 (1988). There is a strong presumption in Pennsylvania against piercing the corporate veil. *Advanced Telephone Systems Inc. v. Com-Net Professional Mobile Radio LLC,* 846 A.2d 1264, 1277 (Pa. Super. 2004). The factors to be considered in disregarding the corporate form are as follows: "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetuate a fraud." *Id.* at 1278.

The plaintiffs raised fraud in their complaint. In order to sufficiently assert facts to allege fraud, there must be an assertion that a party made a knowing misrepresentation which induced another party to act or fail to act, which in the end, caused damage to the party who relied upon the misrepresentation. *Fletcher-Harlee Corp. v. Szymanski,* 936 A.2d 87, 100 (Pa. Super. 2007). In their complaint, to make a claim for fraud, plaintiffs alleged that "defendant fraudulently induced plaintiff to enter into the agreement and into doing business with defendant without having any intention or ability to provide the bargained-for product and workmanship . . . ." These conclusions of law failed to adequately demonstrate facts to make a prima facie case that defendant made a knowing misrepresentation which induced plaintiffs to act or fail to act. Further, the facts alleged in the initial section

of plaintiffs' complaint did not establish the necessary elements of fraud, and failed in the same respect as the quoted portion of the complaint, above. As such, this court found that plaintiffs did not meet the necessary threshold to pierce the corporate veil.

Additionally, plaintiffs never pled a contract between themselves and defendant Jason Larsen, such that plaintiffs could hold Jason Larsen directly liable as a signatory to the contract. The contract plaintiffs attached to their complaint does not name "Jason Larsen" as a party to the contract. Particularly, the contract states: "The American Remodeling (contractor), agrees to sell and buyer . . . agree(s) to buy the following goods and services, which are to be furnished or used in the modernization, rehabilitation, repair alteration, or improvement of the real property located at buyer's address given above." A brief search of the Pennsylvania Department of State website yields results which show that "American Remodeling" is a fictitious name, and "American Remodeling and Roofing Inc." is the business corporation, with Jason Larsen listed as its president. The normal practice would be for plaintiffs' counsel to do this search herself, and file suit against the *"proper party."* (emphasis added) As with the case described above, defendant's status as president of the corporation does not support a suit for breach of contract against the individual himself. He was not doing business as "American Remodeling"; the corporation was. Accordingly, this court dismissed plaintiffs' complaint because the pleadings were insufficient, the defendant was improperly named, and the complaint set forth a cause of action for breach of contract against a defendant that was not a party to the contract.

As such, for the above stated reasons, this court respectfully recommends that the instant appeal be denied.

The prothonotary shall forward the remainder of the file to the Superior Court.