QUEST LAND DEVELOPMENT GROUP, LLC and Glen–Gery Corporation, Appellants

v.

TOWNSHIP OF LOWER HEIDELBERG, Berks County, Pennsylvania, Zoning Hearing Board of Heidelberg Township, Berks County, Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued March 30, 2009.

Decided April 30, 2009.

---

Louis B. Kupperman, Philadelphia, for appellants.

Michael G. Crotty, Chester Springs, for appellees.

BEFORE: McGINLEY and LEAVITT, Judges, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Quest Land Development Group, LLC (Quest) and Glen–Gery Corporation (Glen–Gery) (at times collectively referred to as Appellants), appeal from an order of the Court of Common Pleas of Berks County (trial court), which sustained the preliminary objections of the Township of Lower Heidelberg (Township) and the Zoning Hearing Board of Lower Heidelberg Township (Board) and dismissed Appellants' amended complaint.[1] We affirm.

---

[1] Francis Mulligan, a nominal defendant, also filed preliminary objections to the amended complaint. He argued that Appellants had failed to state a case against him. The trial court sustained Mr. Mulligan's preliminary objections. In addition to Mr. Mulligan, Appellants had named sixty-two other persons as nominal defendants. On April 22, 2008, the trial court issued an order releasing all sixty-two nominal defendants from the action.

In 2004, Quest filed a request for a special exception to construct ninety-two single-family homes in zoning districts located in the Township. Glen–Gery was the owner of the property and entered the action as an intervenor. The Board denied Quest's application for a special exception. Appellants appealed to the trial court which affirmed the decision of the Board. Appellants then appealed to this Court.

In *Quest Land Development Group, LLC v. Zoning Hearing Board of Lower Heidelberg Township, Lower Heildelberg Township and Glen Gery Corporation* (Pa. Cmwlth., Nos. 431, 432 C.D. 2006, 2006 WL 3593394, filed November 20, 2006), this Court affirmed the order of the trial court. We noted that Appellants had the burden of establishing that they met the criteria for a special exception, as specified in the zoning ordinances in question. We also noted that the three zoning ordinances at issue all required that public or community sewer facilities be provided. We then determined that Appellants failed to establish that a public or community sewer system could be provided. As such, we concluded that Appellants were not entitled to the grant of a special exception.

Appellants filed a petition for allowance of appeal to the Pennsylvania Supreme Court. Appellants then filed an application for leave to amend the petition for allowance of appeal in order to request a remand on the basis of after-discovered evidence. In *Quest Land Development Group, LLC v. Zoning Hearing Board of Lower Heidelberg Township*, 594 Pa. 2, 934 A.2d 686 (2007), the Supreme Court granted Appellants leave to amend their petition for allowance of appeal. The Supreme Court then remanded the case to this Court for remand to the trial court. The trial court was given instructions to consider whether the case should be reopened on the basis of after-discovered evidence.[2]

On January 24, 2008, while the remanded matter was pending before the trial court, Appellants filed a new cause of action in the form of a complaint against the Township and the Board.[3] Appellants later filed an amended complaint on March 3, 2008. The amended complaint alleged that when the Board denied Appellants' request for a special exception in 2005, the Board was comprised of three members, Richard Essig, Kandis Moser and David Thun. Appellants noted that pursuant to Section 1104 of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1104, Board members were required to file a statement of financial interests and that no public official was permitted to take the oath of office without filing said statement. Appellants alleged that the three Board members identified above did not file

2. Appellants state in their brief to this Court that the after-discovered evidence consisted of the deposition testimony of a Board member alleging that other Board members adopted an unwritten policy whereby they sought to deny Appellants' special exception application by improperly imposing requirements upon Appellants, in addition to those imposed by the zoning ordinances, as to sewer and water facilities. The deposition testimony was taken in relation to a lawsuit filed by Appellants in the United States District Court for the Eastern District of Pennsylvania against the Township and the Board.

3. The appeal currently before this Court solely involves the new cause of action. However, we note that the trial court has recently ruled on the remanded matter in *Quest Land Development Group, LLC. v. Zoning Hearing Board of Lower Heidelberg Township*, (No. 05–4461), filed March 12, 2009. In that case, the trial court ruled that Quest was entitled to a new hearing on its application for a special exception. The trial court further ruled that an impartial hearing officer would be appointed to conduct the hearing.

statements of financial interest for calendar years 2004 and 2005.

Appellants also noted that every person appointed to office in a second class township was required to take an oath of office and that a copy of the oath was to be filed with the Township secretary. Appellants further alleged that the three Board members did not take the required oath and, as such, failed to file a copy of the oath with the Township secretary.

Appellants claimed that as the three Board members failed to file statements of financial interests and failed to take the required oath, they were not vested with the authority of the quasi-judicial office to which they were appointed. Therefore, Appellants alleged that the Board was without authority to render a decision as to their request for a special exception, thereby rendering the decision they issued in 2005 null and void. As the Board's decision was null and void, Appellants alleged that the Board failed to rule on their special exception application within the required sixty days and that the application should, therefore, be deemed approved.

The Township and the Board filed preliminary objections to the amended complaint. The Township and the Board alleged that Appellants were improperly raising an issue that they never raised during prior litigation before the Board or this Court. Additionally, the Township and the Board argued that a ministerial or technical error on the part of the Board members as to the filing of financial statements or the taking of an oath did not negate the decisions that were rendered. Further, the Township and the Board claimed that the *de facto* officer doctrine applied, thereby rendering the Board's decision valid. The trial court agreed that the *de facto* officer doctrine applied. As such, the trial court granted Appellant's preliminary objections and dismissed the

amended complaint. Appellants filed a notice of appeal with the trial court.

On appeal, Appellants allege that the trial court erred in applying the *de facto* officer doctrine. Appellants claim that they should be permitted redress pursuant to the void *ab initio* doctrine. We disagree.

■■■ Where preliminary objections are sustained based on issues of law, our scope of review is plenary. *Yarucs v. Summit Academy*, 845 A.2d 203 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 579 Pa. 708, 857 A.2d 682 (2004), *cert. denied*, 543 U.S. 1147, 125 S.Ct. 1304, 161 L.Ed.2d 108 (2005). When considering preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded facts and any reasonable inferences thereto. *Crozer Chester Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation Health Care Services Review Division*, 955 A.2d 1037 (Pa.Cmwlth.2008). The preliminary objections may only be sustained where it is established with certainty that recovery is not possible. *Id.* at 1040.

■■■ Appellants allege that the void *ab initio* doctrine applies to this case. Appellants cite to *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006) for support of their claim. In that case, Glen–Gery (also an Appellant in the present case) challenged procedural defects in the enactment of two ordinances. Glen–Gery brought the action in 2002. The ordinances were passed in 1995 and 1997, respectively, and contained provisions that any challenges must be raised within thirty days of their respective effective dates. As the ordinances were passed several years prior to the action, the zoning hearing board dismissed Glen–Gery's action as

untimely and this Court affirmed the decision.

On appeal, the Supreme Court reversed this Court's decision. It explained that an ordinance found unconstitutional was considered void from the date of its enactment. Therefore, "the effect of a finding that the ordinance is void *ab initio* means that it essentially never became law because of its procedural defects; thus, any component of the challenge that contains a time bar, or intended effective date, is deemed void for having never been properly passed." *Glen–Gery Corporation*, 589 Pa. at 147–48, 907 A.2d at 1040. As such, if the procedural defects are proven, the effective dates would be deemed not to have occurred. Accordingly, the thirty-day appeal period could not have expired as the appeal period would have never begun.

The Supreme Court further explained that the doctrine of void *ab initio* "only concerns those claims that implicate notice, due process or other constitutional rights of a party...." *Glen–Gery Corporation*, 589 Pa. at 143, 907 A.2d at 1037. As Glen–Gery had alleged numerous procedural defects regarding the enactment of the ordinances, the Supreme Court remanded the action, explaining that if the procedural defects were proven, the ordinances would be deemed void *ab initio.*

While this Court must accept the legal determinations set forth in *Glen–Gery*, the Supreme Court specifically stated that its determination applied solely to claims involving "notice, due process or other constitutional rights." The claims by Appellants that the Board members herein failed to take an oath or failed to file financial statements do not establish any violation of Appellants' constitutional rights. Therefore, we agree with the trial court that the void *ab initio* doctrine is not applicable to the present action.

■ Appellants also allege that the trial court erred in applying the *de facto* official doctrine. This Court has explained the doctrine as follows:

> Under the *de facto* doctrine, the official acts of one who acts under the color of title to an office are to be given the same effect as those of a *de jure* official. The acts of de facto officials that are performed under the color of title are valid with regard to the public, even if their election or appointment was irregular or illegal.

*Ucheomumu v. County of Allegheny*, 729 A.2d 132, 135 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 559 Pa. 724, 740 A.2d 1151 (1999) (citations omitted). The Supreme Court has explained that "[r]ecognizing that an unlimited right to question collaterally the title to office would impede the orderly operation of government, we have ruled that the official acts of one who acts under the color of title to an office should be given the same effect as those of a de jure official." *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 267–68, 318 A.2d 910, 913 (1974). Further, it has been decided that "quo warranto is the exclusive remedy for a challenge to the right to hold public office, and that such right cannot be challenged collaterally. The acts of de facto officials are binding until they are ousted by an action in quo warranto." *D & B Auto Sales v. Department of State, State Board of Motor Vehicle Manufacturers, Dealers and Salesmen*, 29 Pa.Cmwlth. 113, 370 A.2d 428, 430 (1977).

In *D & B Auto Sales*, it was alleged that State Board of Motor Vehicle Manufacturers, Dealers and Salesmen was improperly constituted as required by statute and, therefore, was without jurisdiction to act. We rejected the challenge to a board decision based on an allegation that some

members were serving illegally, finding that the *de facto* official doctrine applied. Also, in *Finucane v. Pennsylvania Milk Marketing Board*, 135 Pa.Cmwlth. 606, 581 A.2d 1023 (1990), a decision of the Pennsylvania Milk Marketing Board was challenged on the basis that one of the members was not properly designated as a consumer member pursuant to the law. We agreed that the procedure used to designate the member was improper; however, we concluded that the decision of the Pennsylvania Milk Marketing Board was valid, based on the *de facto* official doctrine.

Thus, we agree with the trial court that the *de facto* doctrine applies to the present action and that the Board's decision was valid.

Accordingly, the order of the trial court is affirmed.

Judge COHN JUBELIRER did not participate in this decision.

### *O R D E R*

AND NOW, this 30th day of April, 2009, the order of the Court of Common Pleas of Berks County is affirmed.